JAMES B. SPEARS, Respondent, *vs.* FREDERICK T. LEDERGER-BER, Adm'r of LEONARD R. SARGENT, Appellant.

1. *Attorney—Power of to compromise claim.*—An attorney has no authority, arising from his employment in that capacity, to compromise the claim of his client.

*Appeal from St. Louis Circuit Court.*

*F. J. Bowman,* for Appellant.

*Leverett Bell and J. Q. Adams Fritchey,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This case arose in the Probate Court of St. Louis County, in consequence of a motion filed by Spears, in whose favor a claim had been allowed against the estate of Sargent, to compel Ledergerber, the administrator of that estate, to pay the amount of such claim, less the sum of $200, already received thereon by John W. Moodey, the attorney of claimant. Said motion stated that Moody had signed a receipt for said $200, as in full satisfaction and discharge of the claim; but that his act in this regard was unauthorized.

An appeal from an order of the Probate Court, sustaining this motion, was taken to the Circuit Court, where a jury was impaneled, and by consent of the parties, this special issue was submitted to them:

"Whether John W. Moodey, on or before the 11th day of February, 1869, was authorized by James B. Spears to receive from the administrator of the estate of Leonard R. Sargent, deceased, the sum of two hundred dollars in full settlement and discharge of the claim which had been allowed in the Probate Court of St. Louis County, on the 24th day of December, 1868, in favor of the said James B. Spears, and against said estate."

The jury found the issue, thus submitted, in favor of the claimant, and their verdict was amply supported by the evidence. Indeed, it might more properly be said that all the evidence in the case was on the side of Spears, because there was no testimony whatever, on behalf of the defendant, having the slightest tendency to show that Moodey, either in consequence of prior authorization, or subsequent acquies-

cence, was empowered to compromise the claim placed in his hands. And the law is too well settled to admit discussion, that an attorney has no authority arising from his employment in that capacity, to compromise the claim of his client. Such authority, whenever it exists at all, does so by reason of the client specially and expressly conferring on his attorney the power to effect the compromise in the given case. The instructions, which the court, at its own instance, and on request of the plaintiff, and also on the part of the defendant, gave to the jury, clearly presented the controlling question in the case, which was in reference to the authority of Moody to make the compromise on which the defendant relied—so that, even if the instructions which were refused on the part of defendant, had been unobjectionable, no possible injury could have resulted from their refusal.

·. As the whole case hinges upon the authority of Moody to act as he did in relation to the claim, and as the evidence adduced disclosed not the slightest semblance of such authority, it would be idle to discuss other points than the ones already noticed, as they could have no possible bearing on the conclusion at which we have arrived, that the judgment must be affirmed. Judge Wagner absent; The other judges concur.