CITY OF GRANT CITY, MISSOURI, Respondent, v. EFFIE SIMMONS, Appellant.

Kansas City Court of Appeals, November 25, 1912.

1. BILL OF EXCEPTIONS. Where a court grants, "until the last day of next term of this court to file" a bill of exceptions and the next term was not held, owing to the absence of the judge, and such bill of exceptions was filed before the beginning of the second term after said order was made, it is filed in time.

2. ATTORNEY AND CLIENT: Settlement of Cause. The general authority of an attorney does not give him authority to compromise his client's claim or to make any agreement that will sacrifice his client's cause without express authority.

3. INSTRUCTIONS: Violation of Ordinance: Reasonable Doubt. In a prosecution for violation of a city ordinance where the offense charged is also an offense under the public laws of the State, it is error to refuse an instruction that the burden is on the plaintiff to establish by proof the guilt of defendant beyond a reasonable doubt.

Appeal from North Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

REVERSED AND REMANDED.

*J. E. Engle* and *James Ewing* for appellant.

*Edward Kelso* and *DuBois & Miller* for respondent.

JOHNSON, J.—This cause originated in the police court of Grant City on the complaint of the city attorney charging defendant with disturbing the peace of certain persons named in the complaint in violation of an ordinance which provides: ''Every person who shall within the corporate limits of this city disturb the peace of any other person or persons, or of any family or neighborhood by violent or tumultuous conduct, or by loud and unusual noises, or by unseemly, profane, or indecent or obscene language, or by language calculated to provoke a breach of the peace, or by quarreling, fighting, or challenging to fight, or by assaulting or striking another, and every person or persons who shall permit the same in or upon any house or premises owned by him or them or under his or their control, so that any other person or persons in the vicinity are disturbed thereby, shall upon conviction thereof be punished as hereinafter provided. Every person who shall be convicted of a violation of any of the provisions of this article shall, when no other punishment is provided, be punished by a fine not less than five nor more than ninety dollars.''

A trial in the circuit court where the case was taken by appeal resulted in a judgment of conviction which assessed a fine of fifty dollars and costs against defendant. This judgment was rendered October 15, 1910, and on the same day defendant's motion for a new trial was overruled and an order was made allowing her an appeal to this court and giving her ''until the last day of next term of this court to file her bill of exceptions.'' The next term of that court provided by law should have begun on the first Monday of February, 1911, and the next term after that term on the second Monday in May, 1911. Owing to the absence of the judge who was holding court in another county the February term was not held and

no session of court was held in that county until the May term. The sheriff of the county convened the court on the first day of the February term (Feb. 5) and adjourned from day to day until the third day (Feb. 8) when he adjourned the court to the next regular term. Since the February term had no "commencement" within the meaning of that term, as employed in Sec. 3869, R. S. 1909, and as there was but one judge of that court and he was unable to attend at that term, the sheriff had no power under the section of the statute just cited to open court and adjourn from day to day until the evening of the third day and the only authority he possessed in such case was on being notified by the judge of his inability to attend, to make proclamation at the court house door adjourning court until the next regular term. Respondent contends that inasmuch as appellant's bill of exceptions was not filed on or before February 8, which respondent treats as the last day of the February term, and no order of extension was made in that time, the bill which was signed and filed February 25 was filed out of time and cannot be considered as a part of the record. We held the bill was filed in the time specified in the original order and that appellant was not required to procure an extension of time.

The order giving appellant "until the last day of the next term to file her bill of exceptions" had reference not to any particular day of the year but to a certain day in the next regular term of the court and by the expression "the next regular term" is meant a term at which the court was lawfully opened for the transaction of business and not to a time at which it could and should have been commenced but was not lawfully opened because of the absence of the judge.

The February term of the court had neither beginning nor ending, neither a first nor a last day.

It was abandoned as the law provided it should be in such event, and the next term, within the meaning of the order granting leave to file a bill of exceptions, was the May term, since that was the first regular term at which the court was opened for the transaction of business. Notwithstanding the difference in the facts of the two cases, this case, in principle, is the same as that of State v. Tevis, 234 Mo. 1. c. 283. In that case the appellant was given until the second day of the April, 1909, term of the circuit court to file his bill of exceptions. In the meantime the Legislature changed the date of holding that term from April to May. The bill of exceptions was not filed until the second day of the May term. The Supreme Court held it was filed in time, though it would have been out of time had the next term been held in April. The bill of exceptions is properly before us.

Before passing to the case on its merits we will dispose of a motion of respondent to dismiss the appeal. It appears from affidavits filed by respondent that after the rendition of the judgment the case was compromised and settled by the parties on the following terms: Respondent agreed to remit the fine of fifty dollars and appellant agreed to dismiss her appeal and pay the costs. It is not claimed that appellant personally participated in the settlement and the antecedent negotiations, but that she was represented by her attorney of record and by her father who had managed and conducted her defense as her agent. Further it appears that respondent had prosecuted the father of appellant for an alleged violation of one of its ordinances; that a trial of the case had resulted in a judgment of acquittal from which respondent had appealed and that at the time of the settlement of the present case that case also had been compromised and settled in a way to deprive respondent of the right to prosecute the appeal or to prosecute another action

on account of the offense.   Appellant has filed in this court the affidavits of herself, her father and her attorney in which all of the affiants state that neither the father of appellant nor her lawyer had any authority from her to compromise and settle the cause and the last named affiants deny that they made any agreement with respondent for the settlement of the case in hand or for the dismissal of the appeal.

Under the statute (Sec. 2083, R. S. 1909) an appellate court, in the disposition of causes coming to it on appeal or writ of error, is confined to an examination of the record, and cannot receive evidence *dehors* the record on any controverted issue.   But this rule is not without exceptions and among such exceptions are instances where there has been a settlement of the controversy with an agreement to dismiss the appeal or writ of error.   When a cause is settled and there is no longer a real controversy before the court, neither party will be permitted to urge a decision of issues no longer in existence and evidence *dehors* the record will be received on the issue of settlement or no settlement.   [In re Hutton's Estate, 92 Mo. App. l. c. 136; Railroad v. Bridge Co., 215 Mo. l. c. 296; Wait v. Railroad, 204 Mo. l. c. 506; Dulaney v. Buffum, 173 Mo. 1.]

The burden is on respondent to show the existence of the alleged settlement and to do this it devolved on respondent to establish by proof not only the fact that the father and the attorney of plaintiff or either of them made the settlement, but that they had authority from appellant to make it in her behalf.   It is not contended by respondent, nor do its affidavits tend to show that appellant gave either of her agents express authority to compromise her case or that she in any way consented to or ratified their act in entering into a compromise agreement if, in fact, they did such a thing.   Respondent relies on the general authority

of the attorney as such to enter into an agreement for the dismissal of the appeal.

The general authority of an attorney gives him a wide range of action as to those things that pertain merely to the remedy. He may dismiss his client's suit or stipulate that it shall abide the judgment in another suit, the facts and the parties being the same in the two actions, but he has no authority from his employment as an attorney to compromise his client's claim or demand or to make any agreement or take any action that will sacrifice his client's cause without express authority. The cases properly make a sharp distinction between acts of the attorney that pertain only to the remedy and those that strike at the root of the client's right. [Davis v. Hall, 90 Mo. 659.]

The agreement before us cannot be said to have provided merely for the performance of an act relating solely to the remedy. In many instances a stipulation to dismiss an action is of such nature and will be enforced though made by the attorney without the knowledge or consent of his client, but the circumstances of the case in hand disclose a stipulation of an entirely different character. Here the agreement to dismiss the appeal was but a mere and, we might add, unnecessary incident of the contract compromising the cause. If that contract were valid respondent could have forced a dismissal of the appeal without any special stipulation therefor and in the face of appellant's opposition. Since the real purpose and object of the alleged contract was the compromise and settlement of the cause and the agreement to dismiss the appeal, at most, was but auxiliary to that purpose, that agreement partook of the nature and character of the purpose it was designed to serve and, therefore, was one relating to the cause and not to the remedy. Neither the attorney nor the father of defendant had the au-

thority under a general employment to defend the action to bind her to a contract of that character.

The wisdom and justice of the rule that denies an attorney, under a general employment to prosecute or defend an action, the authority to enter into an agreement compromising his client's right, could not find better exemplification than that offered by the facts of the present case. The judgment against defendant not only adjudged her guilty of a violation of law but, in effect, denounced her as an unchaste and immoral woman. The record discloses, as we shall show, that she did not have a fair trial. To hold that her attorney, in virtue of his general employment to defend her against a charge so serious, might compromise the case in a manner to leave her under the perpetual stigma of such a judgment would be to give to attorneys a power and authority over the rights of their clients never recognized by the courts and abhorrent to all reason or sense of justice.

The motion to dismiss the appeal is overruled.

Defendant is a widow who, with her two children, lived in the north part of Grant City. The prosecuting witnesses were neighboring housewives who had become scandalized by the nocturnal occurrences they had observed in the vicinity of defendant's home. Defendant admits that various men and boys had attempted to visit her at night, to her great shame and annoyance, and explains that such attempts were not in response to her invitations, express or implied, but were instigated by the cunning malice of her brother-in-law who was her bitter enemy and who sought in this manner to ruin her good name and reputation. She had procured a revolver to repel such assaults and, one night, fired several shots at a man who tried to gain admission to her house and refused compliance with her command that he take his immediate departure. The neighbors, believing that the shots were

fired in the course of some carousal or orgy, had defendant prosecuted for a violation of the city's peace ordinance. At the trial the witnesses for plaintiff testified to facts and circumstances which tended to support their view of the occurrence, while the evidence of defendant was to the effect that she fired the revolver in the necessary defense of her person and home.

We find prejudicial error in the record. The court refused an instruction asked by defendant to the effect that the law cast on plaintiff the burden of establishing by proof the guilt of defendant beyond a reasonable doubt. Though it has been held repeatedly in this State that a prosecution for a violation of a city ordinance is a civil and not a criminal case, the Supreme Court in the recent case of King City v. Duncan, 238 Mo. 513, say that where the offense for which the defendant is prosecuted, as for a violation of a municipal ordinance, is also an offense under the public laws of the State, the defendant is entitled to the benefit of the guaranties that attend one accused of crime under the general law and, therefore, is entitled to the presumption of innocence and to have his guilt established beyond a reasonable doubt. At this term we held in a case of this nature that a "reasonable doubt" instruction was proper and should be given. [City of Stanberry v. O'Neal, not yet reported.] And we will add that though an instruction on this subject asked by the defendant be faulty, the duty devolves on the court to give an instruction in proper form. [State v. Clark, 147 Mo. l. c. 38; State v. Reed, 154 Mo. l. c. 129; State v. Moore, 160 Mo. 443.]

We do not deem it necessary to discuss the other assignments of error in appellant's brief. It suffices to repeat that defendant is entitled to the benefit of the guaranties accorded by our laws to a person accused of an offense against the criminal laws of the

State.   The judgment is reversed and the cause remanded.

All concur.