BOB SUDEKUM, APPELLANT, v. ESTATE OF FERDINAND S. FASNACHT, DECEASED, RESPONDENT.—157 S. W. (2d) 264.

St. Louis Court of Appeals.   Opinion filed January 6, 1942.

456

*Herbert E. Bryant* for appellant.

*Cox, Blair & Kooreman* for respondent.

ANDERSON, J.—This appeal is from a finding and judgment of the St. Louis County Circuit Court, affirming a finding and judgment of the St. Louis County Probate Court, suspending the powers of Bob Sudekum, as executor under the last will and testament of Ferdinand S. Fasnacht, deceased, and directing him to file settlement to revocation.

Chronologically the facts are: Ferdinand S. Fasnacht, a resident of St. Louis County, Missouri, died November 21, 1939. His last will and testament was admitted to probate in the St. Louis County Probate Court on November 28, 1939, and under the terms of the will Bob Sudekum was appointed executor. He duly qualified as such, took charge of the assets, and proceeded to administer the estate according to law. On January 12, 1940, S. Paul Peters instituted a will contest in the St. Louis County Circuit Court, and on the same day, whether before or after the institution of the will contest suit is not shown by the record, S. Paul Peters filed a motion in the St. Louis County Probate Court seeking to remove Bob Sudekum as executor of said estate, upon the ground that a will contest was pending and Bob Sudekum was interested in said estate by reason of a substantial bequest in said last will and testament. On January 26, 1940, the St. Louis County Probate Court found that Bob Sudekum, the executor appointed by the will, had a beneficial interest and an interest adverse to the contestant of the will, and that he was a devisee of real estate under the will; and directed that Hartwell G. Crain, a disinterested person, be appointed as administrator *pendente lite*, and and that Bob Sudekum file his settlement to date of suspension and turn over the assets of the estate to said Hartwell G. Crain. Said Hartwell Crain qualified as administrator *pendente lite* and filed his bond as required by the order of the court. Bob Sudekum, as executor, appealed from the order of the probate court removing him as executor, ordering him to file a settlement to date of his suspension, and appointing Hartwell Crain as administrator *pendente lite* of said estate.

The evidence offered in the circuit court on behalf of S. Paul Peters, the active litigant in the matter, showed a will contest pending in connection with the estate of Ferdinand S. Fasnacht, deceased, and showed that the will, under which Bob Sudekum was appointed executor, contained the following clause: "I give and bequeath to Bob Sudekum of Ferguson, Mo., my property located at 124 Clark Ave., Ferguson, Mo., providing he pays $2000 into my estate for his past services for which I have made no previous compensations." S. Paul Peter's only witness testified that the property, mentioned in the foregoing quoted portion of the will, was appraised at $3500. However, on cross-examination, said witness testified that said property was only a four-room frame house on a 60-foot lot, and that from an investment standpoint he would not pay more than $3000 for the house.

The evidence further showed that Bob Sudekum was the cashier of the Bank of Ferguson, and within the year preceding trial he had built a new home, which he occupies, on Royal Place in Ferguson.

The record discloses that at the trial the following occurred:

"MR. BRYANT (appellant): There has been some doubt about getting into this case, because I had a case in Division 2 on which we were going to trial first, and I have agreed with Mr. Cox that if Mr. Sudekum were here present he would testify that he would not invest $2000 or pay $2,000 to obtain this property under the terms of the will.

"THE COURT: Is that admitted if he were here he would so testify?

"MR. Cox (respondent): If he were here it is admitted he would so testify, if your Honor please."

The cause was submitted to the court, and a finding and judgment were duly entered affirming the finding and judgment of the probate court. After an unavailing motion for new trial, an appeal was perfected to this court.

Appellant's assignment of error alleges that the trial court erred in affirming the finding and judgment of the probate court. In developing the assignment, appellant contends that the record herein shows that he, the executor named in the will, has no interest in the estate, save the commissions allowed by law to executors, and hence he was not removable under the provisions of Section 14, Revised Statutes of Missouri, 1939, Missouri Statutes Annotation, Section 14, Vol. 1, p. 14.

Whether or not appellant's contention can be sustained depends upon whether a valid and binding renunciation was made by him of the devise to him contained in the will of the testator. Appellant says there was such a renunciation and relies upon the agreement at the trial wherein respondent's counsel agreed "that if Mr. Sudekum were here present he would testify that he would not invest $2000 or pay $2000 to obtain this property under the terms of the will." If a devisee desires to renounce a gift presumably beneficial to him, he may do so, but until he does, he is presumed to have accepted same. A rejection must be by some positive overt act or declaration and made within a reasonable time. [Sanders v. Jones (Mo.), 147 S. W. (2d) 424.] In the case at bar there is no evidence showing a binding renunciation on the part of the appellant. The agreement of counsel above mentioned at most merely amounts to a declaration by counsel that if appellant were present in court he would renounce the devise. It was merely evidence of mental resolution on the part of appellant to renounce the gift perhaps at some time in the future. Nor can it be said that the agreement by his counsel made during the course of the trial in the circuit court was a present renunciation, for there is nothing in the record to show that this attorney had express authority to act for appellant in this matter. The rule applicable here is stated in 25 R. C. L., p. 1098, as follows:

"The implied authority of an attorney to make stipulations is ordinarily limited to matters of procedure in the management or prosecution of the action, and in the absence of special authority any

stipulation which operates as a surrender of the substantial rights of the client will not be upheld by the courts."

In Thornton on Attorneys at Law, Vol. 1, p. 386, it is said: "An attorney certainly cannot bind his client by any unauthorized act which amounts to a total or partial surrender of a substantial right."

In 7 C. J. S. 899, the rule is stated thus:

"The broad implied or apparent powers of an attorney with respect to the conduct or control of litigation are, however, limited to matters which relate only to the procedure or remedy. The employment of itself confers upon the attorney no implied or apparent power or authority over the subject matter of the cause of action or defense; and, unless the attorney has expressly been granted authority with respect thereto, the power to deal with or surrender these matters is regarded as remaining exclusively in the client." [See also 6 C. J. 643; 7 C. J. S. 917; sec. 100; State ex rel. National Lead Co. v. Smith (Mo. App.), 134 S. W. (2d) 1061; Lyon et al. v. Hires et al., 91 Md. 411, 46 A. 985; Price v. McComish (Cal. App.), 70 Pac. (2d) 978; Merritt v. Wilcox, 52 Cal. 238; Davidson v. Clifford et al., 100 N. C. 18, 6 S. E. 718.]

In view of the fact that the record herein fails to show a renunciation by appellant of the devise to him, we must hold that the trial court did not err in affirming the judgment and finding of the probate court. The judgment appealed from is affirmed. *Hughes, P. J.,* and *McCullen, J.,* concur.