**Alfred B. COUCH, Plaintiff-Respondent,**

**v.**

**Lucille B. LANDERS, Defendant-Respondent, Missouri Union Insurance Company, a Corporation, Defendant-Appellant.**

**No. 46469.**

Supreme Court of Missouri,

Division No. 2.

Sept. 8, 1958.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 13, 1958.

Goldenhersh, Goldenhersh, Koebel & Gallagher, Samuel J. Goldenhersh, St. Louis, Gerald A. Rimmel, St. Louis, C. William Garver, Kansas City, for defendant-appellant.

Tipton, Birmingham, Taylor & Furry, William E. Tipton, Kansas City, for plaintiff-respondent.

Gordon & Cochrane, William W. Cochrane, Jr., Kansas City, for defendant-respondent.

BOHLING, Commissioner.

This is an appeal from a judgment in Case No. 593,678 in the Circuit Court of Jackson County, Missouri, for $14,000 on a joint motion for judgment on the pleadings by plaintiff, Alfred B. Couch, and defendant-cross-claimant, Lucille B. Landers, against defendant Missouri Union Insurance Company, a corporation. The corporate defendant, sometimes herein referred to as the Missouri company, appealed and contends error occurred because its attorney was unauthorized to waive any of its substantial legal rights (as attempted in the motion to dismiss quoted infra), and because the court denied appellant leave to file answer to the petition and cross-claim, and entered judgment on the pleadings.

This suit arises out of Case No. 574,524 in said circuit court, entitled "Lucille B. Landers v. Carl J. Mayfield and Luther Roy Cole," in which said plaintiff (a defendant herein), sued on April 28, 1954, for the wrongful death on April 22 of her husband, John Landers, as the result of an automobile collision occurring April 17, 1954. Alfred B. Couch was Mrs. Landers' attorney of record. On February 8, 1956, the jury returned a verdict for Mrs. Landers and against Mayfield for $15,000 and in favor of Cole and against Mrs. Landers. Mrs. Landers' motion for new trial as to Cole and Mayfield's motion for new trial were overruled. Mrs. Landers and Mayfield filed separate notices of appeal. In April, 1956, Mrs. Landers and Mayfield agreed to compromise said judgment for $14,000, and the appeals were never perfected.

Mayfield had automobile liability insurance policy No. OAU 3F 7244 with the Insurance Company of Texas (sometimes referred to herein as the Texas company), of Dallas, Texas, covering the period from November 6, 1953, to November 6, 1954.

We digress to state that the Insurance Company of Texas, designated as the "Ceding Company," and Missouri Union Insurance Company, designated as the "Reinsurer," entered into a "Treaty of Reinsurance" on September 30, 1955, which was terminated September 30, 1956. This led to the Missouri company's involvement as hereinafter developed.

A number of claims against insured Mayfield arose out of said collision, and the Texas company gave the matter "Our Claim File 58200. Assured: Carl J. Mayfield et al. Claimants: Various. Policy: OAU-3F 7244. Date of Accident: 4–17–54," and Melvin L. Kodas was retained as attorney by the Texas company. Attorney Kodas reported to the Texas company from time to time on the status of claims, including Mrs. Landers', against said company's assured Mayfield, requested and received remittances from said company for various expenses incurred, claims settled and services rendered. He advised there was little hope of effecting a satisfactory settlement with Mrs. Landers.

On December 30, 1955, the Missouri company requested attorney Kodas to advise on the status of Texas company's Claim 58200, etc. On January 20 attorney Kodas answered the above inquiry in detail.

Attorney Kodas, April 10, wrote the Missouri company he had effected an authorized $14,000 settlement of Mrs. Landers' $15,000 judgment and requested checks for $14,000 payable to "Lucille B. Landers and A. B. Couch and Haskell Imes, her attorneys," and $65.90 payable to the clerk of the court for court costs; and the Missouri company, April 30, forwarded its

drafts No. 5923 for $14,000 and No. 5922 for $65.90, payable as requested, instructing attorney Kodas to supply it with the closing papers in triplicate that it might make proper proof to the reinsurer.

On June 8, attorney Kodas wrote the Missouri company, stating that Mrs. Landers and her attorney were in dispute as to the division of the $14,000.00; that the appeal time had expired; and that he was holding the checks as both had assured him they would abide by the compromise.

The instant suit, No. 593,678, was filed September 17, 1956. Plaintiff Couch's petition contained, among others, allegations covering the suit for the wrongful death of Mr. Landers and the agreement to compromise the $15,000 judgment for $14,000; alleged that Mrs. Landers agreed that plaintiff, her attorney in said action, was to receive fifty per cent of any sum recovered as a result of his services and, so far as material here, alleged in substance (par. 5) that on said April 17, 1954, defendant Missouri Union Insurance Company had in force and effect a liability insurance policy insuring Mayfield in an amount of at least $15,000 and said defendant became liable for the payment of said $15,000 judgment; that said Missouri company defended said action for wrongful death, and, on behalf of Mayfield, appealed said judgment, and, while said appeal was pending, through the efforts of plaintiff with the expressed concurrence of Mrs. Landers, it was agreed that in consideration of the dismissal of said appeal Mrs. Landers would accept and receive $14,000 in full settlement and would satisfy said judgment of record; (pars. 6 and 7) that defendant Lucille B. Landers refused and still refuses to consummate said settlement by accepting and endorsing the check and draft of defendant Missouri company; (par. 8) that defendant Landers is indebted to plaintiff for $7,000; and (par. 9) that plaintiff has a lien in equity for $7,000 against said $14,000. Plaintiff

prayed for a judgment of $7,000 against defendant Landers, a decree constituting the same a lien against said $14,000 in the hands of defendant Missouri company, and an order directing the Missouri company to pay $7,000 to plaintiff and $7,000 to defendant Landers and for general relief.

The Missouri company, September 19, 1956, forwarded the petition and summons in Couch v. Landers et al. to attorney Kodas, stating: "Please take the appropriate action." It requested the return of its drafts.

Attorney Kodas wrote the Missouri company September 24, returning its drafts "No. 5923" for $14,000 and "No. 5922" for $65.90. He stated he felt it a border line matter whether a cause of action had been stated against "our company"; that the petition recognized the Landers v. Mayfield judgment had been "compromised for $14,000 and that our company stands ready to pay this sum"; that if defendant Landers' answer was to the same effect as the petition then even though "we did not prevail in our motion to dismiss, we could be" certain no interest would accrue by a tender of two checks in the amounts mentioned and their deposit with the clerk of the court. This was conditioned as follows: "In the event you agree with our opinion we would appreciate your voiding out the enclosed checks * * * and reissuing drafts in the respective amounts which we will immediately tender to the court, securing receipts therefor."

The following day, September 25, attorney Kodas filed the motion to dismiss hereinbefore mentioned, to-wit: "Comes now the defendant, Missouri Union Insurance Company, and moves that plaintiff's petition be dismissed insofar as this defendant is concerned and as grounds therefor states that plaintiff's petition fails to state a cause of action against this defendant; that further this defendant stands ready and has always stood ready since the agreement described in Para-

graphs 3 and 4 of plaintiff's petition to pay the court costs herein involved and the sum of $14,000.00 to the plaintiff and co-defendant, Lucille B. Landers." Respondents stress the portion of the motion following the semi-colon to sustain their motion for judgment on the pleadings.

On September 27, 1956, the Insurance Company of Texas, as the "Ceding Company" and Missouri Union Insurance Company, as the "Reinsurer," mutually agreed to terminate, "as of midnight, September 30, 1956," their aforesaid agreement of September 30, 1955, which termination agreement provided, among other things, "that as from October 1, 1956, the Reinsurers shall have no further liability in respect to any policies covered hereunder."

On October 3, defendant Landers filed her separate answer, counterclaim against plaintiff, and cross-claim against defendant Missouri Union Insurance Company for a declaratory judgment. This answer and counterclaim is not material to the judgment under review. The cross-claim of Mrs. Landers against said Missouri company contained allegations to like effect as those set forth in plaintiff's petition herein, including in par. 6 charges to like effect as the charges in par. 5 of plaintiff's petition, hereinbefore mentioned; and stated she had refused to effectuate the compromise in Landers v. Mayfield because of the controversy between her and plaintiff over said $14,000. She prayed the court to declare the rights and duties of the parties, determine the amount of plaintiff's attorney's fee, if any, and for general relief.

On October 9, attorney Kodas filed a motion to dismiss defendant Landers' cross-claim, said motion being to the same effect as the motion to dismiss plaintiff's petition, quoted supra.

Insurance Company of Texas issued its drafts, dated November 6, 1956, No. B 52709 for $14,000 payable to "Lucille B. Landers and A. B. Couch and Haskell Imes, her attorney" and No. B 52708 for $65.90 payable to the "Clerk of Circuit Court."

Attorney Kodas, November 8, advised the attorneys for plaintiff and defendant Landers that he had received from his client the two drafts, and requested advice as to when they might meet to tender the same into court and enter satisfaction of the judgment.

Attorney Kodas, December 10, wrote the Missouri company stating he was returning "your draft No. B 52709" for $14,000; that it had been correctly issued in accordance with this letter of October 12, 1956, but that the court's order, thereafter entered, required, "without our knowledge," a cashier's check payable to the clerk of the circuit court. He requested that such a check be issued and forwarded to the writer. We find no letter of October 12, 1956, from Kodas to the Missouri company in the transcript filed here, and the draft he received (No. B 52709) was the Texas company's draft.

The court's above-mentioned order was entered of record December 11, 1956. It contained recitals covering Case No. 574,524, Landers v. Mayfield et al., the judgment therein, the agreed compromise of $14,000, and that the Missouri Union Insurance Company stood ready to pay said $14,000.00 and costs in said case. The court ordered that Missouri Union Insurance Company deposit a certified or cashier's check for $14,000, payable to the clerk of the court, with said clerk, and that plaintiff Couch and defendant Landers thereupon satisfy of record said $15,000 judgment and Missouri Union Insurance Company stand dismissed, and that the instant action proceed as between Alfred B. Couch and Lucille B. Landers. This order begins with the statement "Now in this 12th day of October, 1956," but the record does not establish the reason for this. The record contains a statement that attorney Kodas drew this order.

Attorney Kodas wrote the Missouri company January 10, 1957, stating he had returned "your draft No. B 52709 in the sum of $14,000.00" December 10, 1956, and that the court had again requested that a cashier's check be forwarded. The Missouri company answered January 11, stating that all open Texas company files were being handled by the Texas company and they were forwarding his letter to Dallas for disposition.

Attorney Kodas, February 9, wrote the Texas company that he had "requested that you reissue" the settlement check as a certified or cashier's check payable to the clerk of the circuit court of Jackson County, Missouri. On February 27, he wrote the Texas company, acknowledging he had received a $14,000 check from it, and also a letter to the Missouri company in which he acknowledged that after he returned its $14,000 check the Texas company issued its check for $14,000.

On February 4, 1957, under leave of court, defendant Landers filed her first amended answer, counterclaim and cross-claim, said cross-claim, so far as material, being to the same effect as the original cross-claim.

On March 11, 1957, plaintiff Couch and defendant Landers filed their joint motion for judgment on the pleadings against the Missouri company on the grounds said defendant had made admissions that it stands ready and has always stood ready to pay plaintiff and defendant Landers $14,000; and had failed to comply with the order of the court of December 11, 1956.

Melvin L. Kodas withdrew and C. William Garver entered his appearance as attorney for the Missouri company March 26, 1957.

On April 9, 1957, defendant Missouri Union Insurance Company filed its motion to set aside the order of December 11, 1956, on grounds to the effect that the acts of its former counsel were unauthorized, ineffective and void, and that, by reason of the fact co-defendant Landers filed a first amended answer and cross-claim on February 4, 1957, the case had not been put at issue.

On April 12, 1957, Missouri Union Insurance Company presented and requested leave to file an answer to plaintiff's petition and to co-defendant Landers' first amended cross-claim. Leave to file said answer was denied the same day. This answer, set out in the transcript, in addition to affirmative defenses, denied the various charges in the petition and cross-claim of the appellant's liability to plaintiff and co-defendant. The agreements entered into between the Texas company and the Missouri company of September 30, 1955, and terminating September 30, 1956, were attached as exhibits to said answer. The sufficiency of said answer is not questioned.

The joint motion of plaintiff Couch and defendant Landers for judgment on the pleadings and the motion of the Missouri company to set aside the order of December 11, 1956, were taken up May 28, 1957. In connection with its motion, the Missouri company made a written offer of proof, supported by forty-nine exhibits, in which are to be found the more material facts narrated herein and referred to by the parties in presenting this review. The court was of opinion it did not have to go back of the motion to dismiss filed by attorney Kodas. The court overruled the Missouri company's motion to set aside the order of December 11, 1956, and sustained the motion for judgment on the pleadings. Judgment was entered in favor of plaintiff Couch and defendant Landers and against Missouri Union Insurance Company in the sum of $14,000, and designated a final judgment for the purposes of appeal.

Appellant contends attorney Kodas was not authorized to and, hence, could not surrender any substantial defense it might have to the pleaded claim against it; that the ground of the motion to dismiss is

that the petition and cross-claim fail to state a cause of action against it; and that the additional statement that "this defendant stands ready and has always stood ready since the agreement described in" the petition and cross-claim "to pay the court costs herein involved and the sum of $14,000.00 to the plaintiff and co-defendant, Lucille B. Landers" is not binding upon it.

It is stated, quoting and citing authority, in Sudekum v. Fasnacht's Estate, 236 Mo.App. 455, 157 S.W.2d 264, 266:

"* * * 'An attorney certainly cannot bind his client by any unauthorized act which amounts to a total or partial surrender of a substantial right.'

"* * * 'The broad implied or apparent powers of an attorney with respect to the conduct or control of litigation are, however, limited to matters which relate only to the procedure or remedy. The employment of itself confers upon the attorney no implied or apparent power or authority over the subject matter of the cause of action or defense; and, unless the attorney has expressly been granted authority with respect thereto, the power to deal with or surrender these matters is regarded as remaining exclusively in the client.' "

See 7 C.J.S. Attorney and Client §§ 80, 100 b, pages 898, 920, and § 102, p. 924, stating: "Generally, an attorney has no implied or apparent authority to acknowledge the existence of an indebtedness on the part of his client"; 70 Am.Jur. 300, §§ 70, 85, 91, 92; Krug v. Roberts Cone Mfg. Co., 213 Mo.App. 628, 250 S.W. 621, 625 [4–6]; Spears v. Ledergerber, 56 Mo. 465; Grant City v. Simmons, 167 Mo.App. 183, 151 S.W. 187, 189 [7, 8]; Vorhauer v. Sweeney, Mo.App., 217 S.W.2d 985 [4]; Bommarito v. Southern Canning Co., 8 Cir., 208 F.2d 56 [7]; Sup.Ct.R. 4.24, 42 V.A.M.S.; Weeks, Attorneys at Law, p. 382, § 219.

Respondents' citations recognize the right of a client to challenge the authority of his attorney for acts affecting the client's substantial rights. Parr v. Chicago, B. & Q. R. Co., 194 Mo.App. 416, 184 S.W. 1169, 1170 [3]; Renken v. Sidebotham, Mo.App., 227 S.W.2d 99, 103 [6, 7]; State ex rel. Ponath v. Muench, 230 Mo. 236, 130 S.W. 282, 286, 287.

Respondents argue that appellant gave attorney Kodas unlimited authority and later, with full knowledge of his acts, ratified the same and is estopped to deny his authority.

Respondents say the direction: "Please take the appropriate action" in appellant's letter of September 19, 1956, gave Kodas unlimited authority to do whatever he deemed best on appellant's behalf. Webster's New International Dictionary, 2d Ed., Unabridged defines the adjective "appropriate * * * 4. Specially suitable; fit; proper." Appellant's letter was a general employment to defend the action and not carte blanche authority to bind appellant by acknowledging the debt. Kodas did not construe said letter as respondents would construe it for in his answer of September 24, 1956, returning appellant's $14,000 and $65.90 drafts, he expressed doubt as to plaintiff's petition stating a cause of action, and conditioned the suggested procedure upon appellant's agreeing with his opinion "and reissuing drafts in the respective amounts" for tender to the court. Then on the following day notwithstanding he had not received the requested drafts he filed the motion to dismiss on the ground the petition failed to state a claim against appellant, and coupled with it the unauthorized and irrelevant statement upon which respondents rely for judgment on the pleadings. He repeated this unauthorized action on October 9, 1956, in the motion to dismiss co-defendant Landers' cross-claim.

Appellant, the Missouri company, never complied with Kodas' request to reissue and forward its drafts to him. He received

Texas company drafts Nos. B 52709 for $14,000 payable to Mrs. Landers and her attorneys Couch and Imes, and B 52708 for $65.90, payable to the clerk for costs, each dated November 6, 1956. On November 8, 1956, he wrote the attorneys for plaintiff and co-defendant Landers stating he had received the drafts "from my client." Then in a letter to the Missouri company, dated December 10, 1956, he stated he was returning "your draft No. B 52709" because the court's order required a cashier's check payable to the clerk of the court and not an ordinary check. Draft No. B 52709 was not the draft of the Missouri company but the draft of the Texas company. The order referred to was not entered of record until the following day, December 11, 1956, although by its recitals it purports to have been made October 12, 1956.

The drafts forwarded by the Texas company and subsequent letters of attorney Kodas establish that he was mistaken in stating he had received these remittances from appellant. The above mentioned as well as other improvident misstatements by attorney Kodas should not be binding on appellant. See 7 C.J.S. Attorney and Client § 100, p. 922, note 72.

The statement in the motion to dismiss upon which respondents rely struck at the root of appellant's defense and was not a matter of mere procedure or remedy. Spears v. Ledergerber, 56 Mo. 465; Grant City v. Simmons, 167 Mo.App. 183, 151 S.W. 187, 189.

The written evidence of record sustains appellant's contention.

Under § 509.260, subd. 3, RSMo 1949, V. A.M.S., the filing of the motion to dismiss (§ 509.300), so far as here applicable, altered the time for filing any responsive pleading to within ten days after notice of the court's action on the motion. Having concluded appellant's motion to set aside the order of December 11, 1956, should have been sustained, it follows that respondents' motion for judgment on the pleadings should have been overruled and appellant permitted to answer, its motion to dismiss having not been expressly or impliedly rightfully overruled. Puckett v. Swift & Co., Mo.App., 229 S.W.2d 713, 717.

Appellant asks that the judgment be reversed and the cause remanded with directions to grant leave to appellant to file answer to the petition and cross-claim. We conclude appellant is entitled to this relief. It is so ordered.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.