STATE of Missouri ex rel. A.N. REDDY, M.D., Relator,

v.

Honorable David H. DUNLAP, Judge of the Circuit Court of Howell County, Missouri, Respondent.

No. 18171.

Missouri Court of Appeals, Southern District, Division One.

Oct. 22, 1992.

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, for relator.

William A. Mallory, Bartimus, Kavanaugh, Mallory Frickleton, Kansas City, for respondent.

SHRUM, Judge.

In this original proceeding in prohibition, the relator is a defendant in cause No. CV391–134CC, Charles Watson v. A.N. Reddy, M.D., et al., now pending in the circuit court of Howell County, Missouri, a suit to recover damages for the alleged wrongful death of Watson's wife.

The petition in prohibition presented the issue of whether the respondent circuit judge would exceed his jurisdiction by proceeding in cause No. CV391–134CC absent Watson's compliance with a notification requirement of the wrongful death statute. In his petition, the relator referred to Watson's deposition testimony that "he had not notified his three children and his wife's mother of his institution of the underlying suit."[1]

After examining the petition and the respondent's suggestions in opposition, filed on his behalf by Watson's attorney, we issued our preliminary order in prohibition on June 17, 1992.

Watson's attorney, on behalf of the respondent, filed an answer on June 30, 1992, contending the issue raised in the petition was rendered moot by Watson's subsequent compliance with the statutory notification requirement. Attached to the answer were Exhibit 1, copies of letters from Watson's attorney to the decedent's two daughters, son, and mother, and Exhibit 2, an affidavit of Watson's attorney. According to the answer, copies of Exhibits 1 and 2 were contemporaneously filed with the circuit court of Howell County with copies provided directly to the respondent judge.

In the affidavit, Watson's attorney stated, in part:

3. That the undersigned has been informed by Charles Watson, the surviving spouse of Elsie L. Watson, that the Decedent was survived by the following members of the class of plaintiffs as set forth and provided in § 537.080(1):[2]

---

1. Wrongful death actions in Missouri are governed by §§ 537.080–537.100, RSMo 1986 and Cum.Supp.1991. An action for damages for the wrongful death of a person may be brought by, among others, "the spouse or children ... or mother of the deceased...." § 537.080.1(1), RSMo Cum.Supp.1991. Only one action may be brought under § 537.080 against any one defendant for the death of any one person. § 537.-080.2, RSMo Cum.Supp.1991.

The notification requirement appears in § 537.095, which provides in part:
    1. Except as provided in subsection 2 of this section, if two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080. Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice.

2. By a 1991 amendment, § 537.080(1), RSMo 1986, was redesignated § 537.080.1(1) and

Ms. Diana Louise Barker, daughter of the Decedent;

Ms. Debra Lee Bailey, daughter of the Decedent;

Mr. Charles Richard Watson, Jr., son of the Decedent; and

Mrs. Alberta Ribeau, mother of the Decedent.

4. That the Plaintiff has informed the undersigned that there are no other persons who survived the Decedent who bear a relationship to the Decedent as described in R.S.Mo. § 537.080(1).

5. That the undersigned provided written notice to those persons enumerated hereinabove by regular and certified mail dated June 29, 1992, a copy of which written notification with regard to each person is attached hereto and incorporated herein by reference.[3]

The Exhibit 1 letters were identical in content; in each, Watson's attorney stated:

This office represents Mr. Charles Watson with regard to a lawsuit pending in the Circuit Court of Howell County, Missouri, against Dr. A.N. Reddy, Dr. Thomas Stubbs and Ozark Medical Center, Case No. CV391–134CC. The purpose of this letter is to provide you with notice, pursuant to Missouri Statute 537.-095, of the intention of Mr. Watson to maintain and prosecute this cause of action regarding the wrongful death of Elsie L. Watson.

It is the intention of Mr. Watson to comply with the laws of the state of Missouri pertaining to actions for wrongful death and in that regard, any settlement or recovery by suit shall be for the use and benefit of those who are entitled to sue, subject to the approval of an appropriate Circuit Court of the state of Missouri.

In his brief, the relator argues that the question of Watson's compliance with the wrongful death action notification requirement is not moot because the June 29 letters failed to satisfy the statute in that

Watson "did not personally sign and send the letters" and the letters were "insufficient in content." We conclude the relator's arguments have no merit; we quash the preliminary order in prohibition and dismiss the relator's petition.

## DISCUSSION AND DECISION

■ Initially the relator urges that Watson failed to comply with § 537.095.1 because the notification letters were signed and sent by his attorney and not by Watson personally. Without citation to authority and with no elaboration, the relator asserts, "The giving of the required notice, according to the statute[,] must be done by the one who brings the suit[,] not by anyone else." We do not glean from the language of § 537.095.1 any support for what we take to be a "plain meaning" argument.

We surmise the relator is arguing that it is the statute's use of the pronoun *he* in the clause "that he has diligently attempted to notify all parties having a cause of action under section 537.080" that requires Watson's personal notification. We note, however, the relator does not argue that use of the words *claimant* and *petitioner* in the immediately preceding clause, "that the claimant or petitioner shall satisfy the court," requires Watson, personally, to "satisfy the court" and to provide the court with "actual written notice."

Use of nouns such as *party, claimant,* or *petitioner* is common in court rules and statutes. *See, e.g.,* Rules 55.07, 55.08, and 55.10, all derived from the 1943 Civil Code of Missouri and codified, respectively, as §§ 509.080, 509.090, and 509.110, RSMo 1986. Despite their wording, these rules concerning pleadings do not require that a party who is represented by counsel, must, nevertheless, personally perform the specified acts.

The relator supports his assertion that Watson, personally, must give the § 537.-095.1 notification by arguing that the "giving of the required notice extends to the

---

amended to add language not relevant to this cause. 1991 Mo.Laws 1034, 1035.

**3.** Attached to the respondent's brief are photocopies of four return receipts, indicating each letter was delivered, although there is nothing in the record of this proceeding to indicate the four return receipts have been filed with the trial court. The relator does not argue that the four addressees did not receive the letters.

very subject matter of Watson's cause of action in the underlying action." He cites *Southwestern Bell Telephone Co. v. Roussin,* 534 S.W.2d 273 (Mo.App.1976), *Robinson v. DeWeese,* 379 S.W.2d 831 (Mo.App. 1964), and *Sudekum v. Fasnacht's Estate,* 236 Mo.App. 455, 157 S.W.2d 264 (1942), as authority for the proposition that "an attorney's authority, broad as it may be, cannot properly extend to the very subject matter of the client's cause of action."

As the relator acknowledges, *Roussin, Robinson,* and *Sudekum* are not directly on point. Nevertheless, he argues, "all three announced a principle clearly established in the law; that being that the authority of an attorney, implied or apparent, is limited to those matters relating solely to procedure or remedy and not to matters involving the subject matter of the client's cause of action."[4]

However, the relator develops no argument that the principle drawn from *Roussin, Robinson,* and *Sudekum* has any applicability to this case. He does not explain in what way the notification requirement of § 537.095.1 is not a matter of procedure or remedy, nor does he support or explain his bald assertion that the statutorily mandated notification to other potential plaintiffs "extends to the very subject matter of Watson's cause of action...." We find nothing in the relator's trio of cases, or elsewhere, that supports his position.

The relator's argument also runs counter to the customary practice of law. It is generally presumed, prima facie, that a lawyer of record has authority to act on behalf of his client, and " '[u]pon this presumption judicial action is time and again predicated....' " *Leffler v. Bi–State Development Agency,* 612 S.W.2d 835, 837 (Mo.App.1981) (quoting *Parr v. Chicago, B. & Q. R. Co.,* 194 Mo.App. 416, 422, 184

S.W. 1169, 1170 (1916)). As any practicing attorney knows, it would be wholly impractical to require that a client sign every document filed in court or every piece of correspondence concerning the client's case. This is especially true in matters involving multi-party litigation.

Although it has other purposes, Rule 55.03 also implicitly recognizes this reality of practice by directing that, with respect to documents of record, "Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name...." Departure from this practice does occur, *see, e.g.,* § 452.310.2, RSMo 1986 (petition in a proceeding for dissolution of marriage or legal separation shall be verified), but the plain language of § 537.095.1 makes no such requirement.

The relator's contention that § 537.095.1 requires Watson, personally, to "sign and send the letters" is without merit.

■ The relator also asserts that the June 29 letters were "insufficient in content" to comply with § 537.095.1, arguing that "in sum, they, by design or otherwise, left the recipients with the impression that they had been pre-empted by Watson and that unless the readers were curious enough to consult the statute referred to, they were without any remedy whatsoever. By their devious wording, the letters left their readers with the implication that they were somehow foreclosed from recovery of money damages." The relator also argues, "The letters clearly did not imply or directly state that their recipients would have an opportunity to be heard."

The relator's "content" argument concerns only the letters; he ignores Watson's attorney's affidavit, a copy of which (along with copies of the letters) was filed with the respondent circuit judge. The relator

---

**4.** *See Roussin,* 534 S.W.2d at 277[6], *Robinson,* 379 S.W.2d at 836[3], and *Sudekum,* 157 S.W.2d at 266[7], all of which rely on 7 C.J.S. *Attorney and Client* § 80, the current version of which is 7A C.J.S. *Attorney and Client* § 193 (1980), which states the general principle thus:

The employment or retainer of an attorney for the purpose of prosecuting or defending litigation gives him implied power to take all steps necessary or incidental to the prosecution or management of the case or defense, and apparent authority as to the courts and opposing parties or their counsel to take all steps and exercise all powers that are ordinarily taken by, or conferred upon, attorneys in similar causes, in so far as they relate to or affect procedural or remedial matters but not the subject matter of the litigation.

also does not directly address the statutory requirement that it is the circuit court that must be satisfied that the person bringing the wrongful death action, personally or through an attorney, "has diligently attempted to notify all parties having a cause of action under section 537.080."

Watson's attorney's uncontradicted affidavit alone informs the respondent judge of the names of all members of the class of potential plaintiffs and advises him that each was notified of the pendency of the underlying action by certified mail, return receipt requested. The respondent also was provided with copies of the notification letters. The letters advised the recipients of the pendency of the wrongful death action, the identity of the litigants, the identity of Watson's lawyer, that lawyer's address and telephone number, the court in which the case was pending, and the case number. The letters were "sufficient to put an ordinarily prudent person on inquiry" and they constituted notice to the addressees "of such facts as would be disclosed by reasonable pursuit and proper inquiry." *See, e.g., Hatcher v. Hall,* 292 S.W.2d 619, 625 (Mo.App.1956).

From the affidavit and the letters, the circuit court could be satisfied that Watson complied with the notification requirement of § 537.095.1; the issue of the circuit court's jurisdiction is now moot.

The preliminary writ is quashed, and the relator's petition is dismissed.

PARRISH, C.J., and CROW, P.J., concur.