**Gerthel JOHNSON, Sr. and Loetta Johnson, Plaintiffs-Respondents,**

v.

**MASSEY–FERGUSON, INC., Defendant-Appellant.**

**No. 47374.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1984.

Robert C. Ely, St. Louis, for defendant-appellant.

Fred Roth, St. Louis, for plaintiffs-respondents.

CLEMENS, Senior Judge.

This appeal by defendant Massey-Ferguson, Inc. arose when the trial court rejected its motion to set aside a $35,000 judgment. The judgment for plaintiffs had been entered upon a formal stipulation between plaintiffs' counsel (Hon. Fred Roth) and defendant Massey's counsel of record (Moser, Marsalek, et al).

After the settlement agreement had been reached by both counsel, defendant Massey-Ferguson renounced the trial court counsel's authority to settle. (Defense counsel then formally withdrew from the case and Hon. Robert C. Ely took over as defense counsel.)

Defense of plaintiffs' claim had been principally handled by Hon. Peter Spataro of the Moser firm. Massey-Ferguson had authorized him to offer plaintiffs $10,000 which they flatly rejected. Believing plaintiffs would settle for no less than $35,000 Mr. Spataro phoned Michigan to confer with counsel for Massey-Ferguson's liability insurer, Eagle Star Insurance Co. There he learned its counsel Mr. Roland Pawlak, who had retained the Moser firm, was out of the office. He talked with Mr.

Pawlak's associate Mr. George Kabot, who said he was familiar with the case and was authorized to discuss settlement. Spataro discussed the dangers of plaintiffs' case and the need for $35,000 to settle it.

At the motion hearing Mr. Spataro testified—and Mr. Kabot denied—that Mr. Kabot had claimed he was authorized to settle for $35,000 and had authorized that settlement. Instead Mr. Kabot, despite insurer's initial offer to settle for $10,000, testified he had offered to settle for $3,500 not $35,000. Mr. Pawlak did not testify.

At the motion closing the trial court found the testimony of defendant's Mr. Kabot was contradictory and unworthy of belief; that defendant had failed to overcome the prima facie presumption of counsel's authority to settle and entered $35,000 judgment for plaintiffs at defendant's costs. This appeal followed.

In the argument section of his brief, defendant recognizes the prima facie authority of counsel to bind his client. The quoted record refutes both defendant's briefed arguments: That defense counsel Spataro did not have authority to settle for $35,000, and that the insurer's counsel Kabot did not have authority to so bind the insurer.

As ruled in *Leffler v. Bi-State Development*, 612 S.W.2d 835[2] (Mo.App. 1981), where a party's attorney of record represents he has authority to settle and reaches an agreement with opposing counsel, it is then incumbent on the dissent client to prove his attorney lacked authority to settle; this since counsel's act of settling is presumed prima facie to be authorized.

As ruled by the trial court here, defendant failed to overcome the prima facie presumption of defense counsel's authority to settle.

Judgment affirmed.

GAERTNER, P.J., and SNYDER, J., concur.