William J. HAYES, Respondent,

v.

Bonita Faye REYNOLDS, Toby Reynolds and Diane Stoker, Appellants.

No. 40098.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 30, 1979.

Motion for Rehearing or Transfer
Denied March 16, 1979.

Thurman, Nixon, Smith, Howald, Weber & Bowles, Jeremiah Nixon, Hillsboro, for appellants.

Arthur E. Herder, Jr., St. Louis, for respondent.

GUNN, Judge.

This appeal arises out of proceedings regarding the custody of a minor child born out of the marriage of William J. Hayes and Christina Lynn Hayes. In a child custody modification proceeding subsequent to dissolution of marriage, the father, William Hayes, respondent in this appeal, was granted temporary custody of his child, William Hayes, Jr., under the supervision of the Division of Family Services. Alleging that he was frustrated in the exercise of his custodial rights by the mother, Christina Hayes, the father filed a motion for enforcement of the decree directed to the mother. After a hearing at which the mother did not appear, the trial court issued its order transferring custody of the child to the father with a contempt citation against her. The order also temporarily restrained

the appellants in this appeal, the maternal grandparents and aunt of the child, and directed them to cease and desist from interfering with the father's custody rights. After a second hearing at which the maternal grandparents and aunt appeared, the trial court issued the following order from which this appeal is taken:

"Comes now the Court on the 27th day of January, 1978 and having previously issued a Temporary Restraining Order, dated· December 23, 1977, does hereby ORDER, ADJUDGE and DECREE that Bonita Faye Reynolds, Toby Reynolds and Diane Stoker refrain from in any way interfering with the custody rights of William J. Hayes, Sr., and the custody rights of the Division of Family Services of the State of Missouri, and you are hereby so enjoined.

It is further ordered by the Court that in the event, that the physical custody of William J. Hayes, Jr. comes into the hands of any one of the three above named parties, that the child be immediately and forthwith be turned over either directly to this Court or to the Division of Family Services.

Further, the Court orders that if any of the three above named parties should learn of the whereabouts of Christina Lynn Hayes, that this information is to be given immediately to the Court or to Mrs. Elise Humble of the Division of Family Services of the State of Missouri."

The mother did not appear with the child at any of the proceedings.

▮▮▮ We are compelled to dismiss this appeal on the basis of appellants' brief. *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), makes clear the necessity for briefs to comply with the requirements of Rule 84.04.[1] First, the statement of facts is decidedly nubilous, containing only a one-sided, argumentative approach to the case without adequate reference to the transcript, in total disregard of Rule 84.04(c) and (h). Second, the points relied on, which read as follows, are mere abstract statements in violation of Rule 84.04(b):

The temporary restraining order and subsequent injunction issued by the Trial Court must be dissolved by the Appellate court as being void on two separate grounds: first, by acting on its own motion and in disregard of Rule 92 the court was with[2] jurisdiction to issue injunctive relief to Respondent. Secondly, by issuing such relief pursuant only to Respondent's speculation and conjecture—and in disregard of Appellants' testimony—the court ignored clear and established equitable principles and acted beyond the scope of its judicial discretion.

Particular reference is made to appellants' complaint that the trial court accepted respondent's testimony and disregarded appellants'. Such is clearly within the prerogative of the trial court, for it is to judge the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. *Estate of Sheets v. Sheets*, 558 S.W.2d 291 (Mo.App.1977); *L.H.Y. v. J.M.Y.*, 535 S.W.2d 304 (Mo.App.1976). Thus, the statement that the trial court accepted some of the evidence and disbelieved other forms no basis for relief. We also note that there was substantial basis for the court's order granting respondent the relief sought.

▮▮▮ We are cognizant of the precept that in a child custody proceeding, we are to

---

1. See also Weier and Fairbank, *Why Write a Defective Brief?*, 33 J. of Mo. Bar 79 (1977).

2. We suppose that appellants mean "without," but the argument portion of their brief is not clear in this regard. There seems to be a melding of jurisdiction and abuse of discretion, e. g.:

Pursuant to this factual review, the issue before the Court on appeal is clearly delineated—did the trial court exceed it's [sic] jurisdiction and improperly exercise it's [sic] judicial discretion in issuing the TRO and injunction to [sic] appellants so as to render them void. It is appellant's [sic] contention that this issue must be resolved in the affirmative and that the judgement [sic] be reversed and the cause remanded to the trial court with appropriate instructions dissolving [sic] the injunctive orders.

To fully grasp the extra jursidictional [sic] nature of the Trial Court's attempted action and the accompanying abuse of it's [sic] judicial discretion, it is necessary to review the nature and purpose of injunctive relief.

adhere to strict application of Rule 84.04 only with considerable circumspection. *Myers v. Myers*, 480 S.W.2d 74 (Mo.App. 1972). However, in this case we see no harmful effect by our dismissal of appeal, as the trial court's order was obviously a proper application of § 452.365, RSMo 1969 to enforce its custody decree. The order did not interfere with any of appellants' custodial rights—apparently they had none. It only restrains them from interfering with the father's.

Appeal dismissed.

REINHARD, P. J., and CLEMENS, J., concur.