William **LEFFLER**, Appellant,

v.

**BI–STATE DEVELOPMENT AGENCY**, Respondent.

No. 42750.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 10, 1981.

Richard Constance, St. Louis, for appellant.

Donald Bird, St. Louis, for respondent.

REINHARD, Judge.

Plaintiff appeals following the trial court's order sustaining defendant's motion to compel settlement.

Both plaintiff and defendant are in substantial agreement regarding at least the following facts. Plaintiff filed suit against defendant for damages, and the attorneys for the parties subsequently entered negotiations regarding settlement. Plaintiff was at that time represented by Mr. Green, and defendant by Mr. Bird. Mr. Bird made a settlement offer of $2,000 to Mr. Green. In March of 1979, plaintiff met with Mr. Green and discussed the offer. Thereafter, Mr. Bird received a letter dated March 8, 1979, and apparently signed by Mr. Green, stating that plaintiff accepted the $2,000 offer. Mr. Bird then prepared and sent to Mr. Green release forms and stipulations. After the release form was forwarded to him, however, plaintiff scratched out the

"$2,000" figure and pencilled in its stead "$9,000" before signing the form. Subsequently, Mr. Green withdrew as plaintiff's attorney, defendant filed a "motion to compel settlement agreement," and the court held a hearing on the motion at which both parties presented evidence.[1]

Although it was defendant's motion, plaintiff presented his evidence first, which consisted only of his testimony and the release documents. He stated that he had not agreed to the $2,000 settlement offer during his March conference with Mr. Green, and that he had not given Mr. Green authority to accept the settlement offer on his behalf. Defendant's only evidence was that of attorney Bird. He testified as to the process of the negotiations,[2] the receipt and contents of the purported letter of acceptance,[3] and his familiarity with Mr. Green's signature on the letter. After the hearing, the court granted defendant's motion, and ordered plaintiff to execute the documents necessary to carry out the agreement.

In his sole point on appeal, plaintiff asserts that the trial court erred in sustaining defendant's motion to compel settlement agreement because plaintiff's attorney had no express authority to settle plaintiff's case, and plaintiff adduced sufficient evidence to rebut any presumption of authority that plaintiff's attorney may have had.

There can be no dispute that an attorney must have express authority from his client in order to bind the client by entering a settlement agreement; no implied authority to settle or compromise his client's claim or cause of action arises from the mere fact of an attorney's employment. See, e. g., Robinson v. DeWeese, 379 S.W.2d 831, 836 (Mo.App.1964); Sudekum v. Fas-

---

1. Although apparently no definite procedure has been established under Missouri law for the enforcement of settlement agreements, it has been held that the issue may be raised by motion while the original action is pending before the court. For discussion, see Southwestern Bell Tel. Co. v. Roussin, 534 S.W.2d 273, 275–76 (Mo.App.1976); Wenneker v. Frager, 448 S.W.2d 932, 934–36 (Mo.App.1969).

2. Plaintiff's attorney objected on hearsay grounds to Mr. Bird's testimony regarding Mr.

Green's oral statements. Although the court allowed the testimony to be introduced at the hearing, the court in its memorandum opinion sustained plaintiff's objection and stated that this portion of the testimony was disregarded.

3. The letter was dated March 8, 1979, addressed to Mr. Bird, signed "Frank B. Green," and stated: "My client has agreed to accept the settlement of this case in the amount of $2,000. Please forward the necessary papers."

*nacht's Estate*, 236 Mo.App. 455, 157 S.W.2d 264, 266 (1942). It does not appear, however, that this general rule resolves the issue before us. Here, plaintiff's attorney did not purport to accept defendant's settlement offer on the mere basis of his employment; rather, he stated that *his client had agreed* to accept the offer.

■ We have reviewed the cases in this area, and note that they often contain language which is ambiguous and conflicting, in some instances contradicting the general law of agency. A confession of judgment for a specified amount has been held not to be "the release or compromise of a claim or cause of action . . . ." and the authority of a party's attorney to enter such confession will be presumed, prima facie. *Parr v. Chicago, B. & Q. R. Co.*, 194 Mo.App. 416, 421–22, 184 S.W. 1169, 1170 (1916). It has also been stated that:

> this general principle [requiring express authority from the client to settle] must be considered in connection with the further principle that the authority of an attorney of record to perform an act for his client is presumed, prima facie at least, and the burden of showing his want of authority rests on the party who questions it, unless such authority be denied by the client.

*Kahn v. Brunswick-Balke-Collender Co.*, 156 S.W.2d 40, 43 (Mo.App.1941). The *Kahn* case further stated that "the compromise of a pending suit by an attorney having apparent authority, will be binding upon his client, unless it be so unfair as to put the other party upon inquiry as to the authority, or imply fraud." *Id. See also, Wenneker v. Frager*, 448 S.W.2d 932, 937 (Mo.App. 1969). In *Aetna Cas. & Sur. Co. v. Traders Nat'l Bank & Trust Co.*, 514 S.W.2d 860 (Mo.App.1974), a case involving settlement of an insurance claim not in litigation, the court held that an attorney could not establish by his own declarations his express authority to settle his client's claim. *Id.* at 866.

The most recent case in this area is *Southwestern Bell Tel. Co. v. Roussin*, 534 S.W.2d 273 (Mo.App.1976). Both parties in the case at hand find some support in this case, which cites most of the cases mentioned above. Although *Roussin* contains some ambiguities,[4] based upon our reading of it, we believe that it intended to, and did, establish the following rule: Where it is shown that a party's attorney of record "represented that he had such authority [from the client] and . . . did reach an agreement with [the other party's] counsel to settle . . . .", then "it was incumbent upon [the party] to prove to the trial court that [his] attorney lacked authority to settle the case, since his act of settling . . . is presumed prima facie to be authorized." *Id.* at 276. We believe that this rule reaches a sound and workable result, since it usually is presumed, prima facie, that an attorney of record is authorized to act on behalf of his client, and "[u]pon this presumption judicial action is time and again predicated . . . ." *Parr v. Chicago, B. & Q. R. Co.*, 194 Mo.App. 416, 422, 184 S.W. 1169, 1170 (1916).

■ As *Roussin* recognizes, the presumption of express authority from the client to settle which arises when his attorney of record asserts such authority, and reaches a settlement agreement with the other party, may be overcome. It is, however, the party disputing the attorney's authority who bears the burden of proof on this issue.

Here, the evidence of defendant's offer of settlement, and of receipt of a letter from

4. The principal ambiguity in *Roussin* lies in its treatment of *Aetna Cas. & Sur. Co. v. Traders Nat'l Bank & Trust Co.*, 514 S.W.2d 860 (Mo. App.1974). While *Aetna* is cited in *Roussin* for the proposition that an attorney cannot establish his express authority by his own representations, 534 S.W.2d at 277, the court's analysis in the case completely refutes this proposition; it is clear from a reading of *Roussin* that the court concluded the party seeking to enforce settlement *had* made a prima facie case by showing that the other parties' attorney had represented he possessed his clients' express authority to settle, and had settled, *see* 534 S.W.2d at 276. The burden was then held to be thrust upon the other parties to prove that their attorney did not have the express authority which he had claimed. See *Id.*

plaintiff's attorney stating that plaintiff had agreed to accept the offer, was sufficient to make a prima facie case for defendant. Plaintiff, through his own testimony, introduced evidence which, if believed, would have been sufficient to meet his burden of proving his attorney's lack of express authority. The trial court, however, was free to disbelieve all or any part of this evidence, *Hayes v. Reynolds*, 579 S.W.2d 119, 120 (Mo.App.1979), and expressly stated that it found plaintiff's testimony in this regard "unworthy of belief."

We must conclude that plaintiff failed to carry his burden of proof on this issue, and that the trial court therefore did not err in granting defendant's motion and entering its order compelling settlement.

Affirmed.

CRIST, P. J., and SNYDER, J., concur.