Prudence **PETTUS** and Earnest Pettus, Plaintiffs-Appellants,

v.

**MISSOURI INSURANCE GUARANTY ASSOCIATION,** Defendant-Respondent.

No. 51932.

Missouri Court of Appeals, Eastern Division, Southern Division.

June 16, 1987.

Charles W. Medley, Farmington, for plaintiffs-appellants.

Dennis E. McIntosh, Farmington, for defendant-respondent.

CRANDALL, Judge.

Plaintiffs, Prudence Pettus and Earnest Pettus, appeal from the order of the trial court which sustained defendants', Billy G. and Dorothy F. Coleman, motion for summary judgment. The trial court dismissed the Colemans with prejudice from the action, substituting Missouri Insurance Guaranty Association as the party defendant and authorizing it to file its answer to plaintiffs' petition for damages. The trial court later designated its order as a final judgment for purposes of appeal. We reverse and remand.

Plaintiff, Prudence Pettus, allegedly slipped and fell on February 6, 1984 on a shopping center parking lot owned by defendants' Coleman. Prudence Pettus filed a petition for damages for bodily injuries against the Colemans. Earnest Pettus claimed damages for loss of consortium. At the time of the accident, defendants Coleman carried an insurance policy with North-West Insurance Company providing liability coverage. (North-West, an Oregon Insurance Corporation, had a license to do business in Missouri).

North-West was placed into receivership and the Insurance Commissioner for the State of Oregon was appointed receiver. The liquidating court set December 4, 1985 as the deadline for filing claims.

A verified proof of claim signed by plaintiffs' attorney dated July 26, 1985, was filed in the liquidation proceedings and the Oregon Insurance Commissioner's Office acknowledged receipt.

The acknowledgement of plaintiffs' proof of claim dated August 8, 1985, was forwarded to the Guaranty Association/Department of Insurance pursuant to RSMo 375.785(4)(1)(a)a (1983). Section 375.785 created a nonprofit legal entity known as the "Missouri Insurance Guaranty Association." Under this statute, the filing of a "covered" claim[1] by a third party constitutes an unconditional general release of all liability of the insureds,[2] substituting the Association as defendant with statutory restrictions on liability. The Association did not deny the claim and plaintiffs did not request their claim be processed in the liquidation proceedings as a claim not covered by Section 375.785(4)(1)(a)c. Therefore, the trial court found that the filing of the claim released defendants Coleman by the express provision of the statute.

Plaintiffs first argue that the trial court erred in sustaining the Colemans' motion for summary judgment "because the claim filed by plaintiffs' attorney had not been authorized by plaintiffs."

**1.** A "covered claim" is defined by RSMo Section 375.785, Section 3, Subparagraph 2 which states:
A covered claim means an unpaid claim ... presented within the time specified in accordance with subsection 1 of section 375.670, and which arises out of and is within the coverage of an insurance policy to which this section applies issued by a member insurer, if such insurer becomes an insolvent insurer after September 28, 1971, and the claimant or insured is a resident of this state at the time of the insured event; or the property from which the claim arises is permanently located in the state.

**2.** Section 375.785, Section 4(1)(a)c states:
A third party having a covered claim against any insured of an insolvent member insurer

may present such claim within the time period provided by the court and the association shall process such claim in the manner specified in the preceding subparagraphs a. and b.; provided, the filing of such claim shall constitute an unconditional general release of all liability of such insured in connection with such claim, *unless* the association thereafter denies such claim for the reason that the insurance policy issued by the insolvent member company does not afford coverage, or *unless* the claimant shall, within thirty days from the date of presenting the claim, file a written demand that such claim be processed in the liquidation proceedings as a claim not covered by this section. (emphasis added).

There is no question that the action of the attorney for plaintiffs, if authorized, triggers the statute. By his action, plaintiffs' attorney released a portion of plaintiffs' claim against uninsured defendants in exchange for a more limited claim against a solvent association. Since the defendants make a *prima facie* showing that they are entitled to summary judgment, plaintiffs' response to the motion becomes germane.

In opposition to the motion for summary judgment, plaintiffs filed the following affidavit:

Prudence Pettus and Earnest Pettus being duly sworn, state:

1. They are Plaintiffs in above suit.

2. They employed Charles W. Medley as their attorney on or about September 26, 1984 to sue any persons liable for damages for injuries sustained by Prudence Pettus as a result of a fall on the Bonneville Plaza parking lot in Bonne Terre, Missouri on or about February 6, 1984.

3. We did not employ or authorize Mr. Medley to make any contractual claims or any claims against any insurance companies.

Two basic propositions of law are applicable to this appeal. There is no implied authority to compromise a client's claim; rather, an attorney must have ex- press authority from the client in order to bind that client to a compromise. *Leffler v. Bi-State Development Agency,* 612 S.W.2d 835, 836 (Mo.App.1981). Second, summary judgment cannot be sustained on the basis of the most probable of conflicting evidence, but rather on unassailable proof. *Hill v. Air Shields, Inc.,* 721 S.W.2d 112, 115 (Mo.App.1986). Unassailable proof is proof which leaves no room for controversy. *Id.*

In their affidavit, plaintiffs state that their attorney did not have authority to compromise their claim. This raises a genuine issue of fact as to whether plaintiffs are bound by the action of their attorney. Defendants have therefore failed to show by unassailable proof that they are entitled to summary judgment as a matter of law. *See* Rule 74.04(h).

The order of the trial court is reversed and the cause is remanded.[3]

DOWD, P.J., and CRIST, J., concur.

---

**3.** The motion of Missouri Insurance Guaranty Association to dismiss this appeal for lack of a final judgment is denied. *See Thomas Speck* *and Linda Walters v. Union Electric Company,* 731 S.W.2d 16 (Mo. banc 1987).