LANDMARK BANK, a Missouri corp.,
Plaintiff–Respondent,

v.

The FIRST NATIONAL BANK IN MA-
DISON, Defendant–Respondent,

and

Herbert I. Stiles, Mary N. Stiles, and
Insley M. Stiles,
Defendants–Appellants.

Nos. 52479, 52483.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 20, 1987.

J. Lloyd Wion, Clayton, for defendant-appellant Herbert I. Stiles.

Edward Garnholz, Doane Kent Trone, Clayton, for defendant-respondent First Nat. Bank in Madison.

Charles A. Lee, Jr., Clayton, for defendants-appellants Mary N. Stiles & Insley M. Stiles.

Cawood K. Bebout, Gallop, Johnson & Neuman, Clayton, for plaintiff-respondent Landmark Bank.

CARL R. GAERTNER, Judge.

Plaintiff, Landmark Bank, filed a petition for interpleader against First National Bank in Madison (First National) and Herbert I. Stiles, Mary M. Stiles and Insley M. Stiles. Subsequently, First National filed, and Landmark supported, a motion to compel a settlement. Based on the pleadings and affidavits filed by all the parties, the trial court granted the motion and defendants Herbert, Mary and Insley Stiles appeal. We reverse and remand.

The Stileses are joint owners of a $100,-000 certificate of deposit issued by Landmark. Herbert, without the other two holders, executed an assignment of the certificate of deposit to secure his note to First National. After Herbert defaulted on his note, First National demanded payment from Landmark. Landmark refused to pay because the assignment was not executed

by all three holders of the certificate of deposit; Landmark then filed the interpleader action.

Hyatt Legal Services, by attorney Willie E. Williams, entered an appearance for the Stileses. First National and Landmark claimed that, after the petition was filed, Williams entered into settlement negotiations with the two banks, a settlement agreement was drafted, and Williams later informed Landmark's counsel, Cawood K. Bebout, that his clients had accepted the settlement. Both Bebout and Edward K. Garnholz, First National's attorney, submitted affidavits stating that Williams informed them by phone that his clients had approved and would sign the settlement agreement.

J. Lloyd Wion later entered his appearance as attorney for Herbert Stiles and informed Mr. Bebout that Herbert would not sign the settlement agreement. In response, First National filed the motion to compel settlement. Williams then withdrew as attorney for all three Stileses and Charles A. Lee entered his appearance for Mary and Insley Stiles.

Mary and Insley, jointly, and Herbert filed motions with supporting affidavits opposing the motion to compel settlement on the grounds that Williams had no authority to settle the cause for them. Herbert's affidavit stated that he had never agreed to the settlement nor had he given Williams authority to enter into or agree to any settlement. Mary and Insley each filed an affidavit stating that they had neither given Williams authority to settle nor, in fact, had either of them communicated with Williams since the action was commenced. Wion submitted his own affidavit, indicating that he had a telephone conversation with Williams where Williams confirmed the fact that he had no contact whatsoever with Mary or Insley. This affidavit also detailed Wion's subsequent unavailing efforts to locate Williams. The motion to compel settlement was submitted without evidentiary hearing on the basis of these affidavits and was sustained by the trial court.

Although not specifically enumerated in the Missouri Rules of Civil Procedure, case law clearly establishes that an agreement to settle a pending lawsuit may be enforced by motion. *Leffler v. Bi–State Development Agency,* 612 S.W.2d 835, 836 (Mo.App.1981); *Southwestern Bell Telephone Co. v. Roussin,* 534 S.W.2d 273, 276 (Mo.App.1976); *Wenneker v. Frager,* 448 S.W.2d 932, 936 (Mo.App.1969). A motion to enforce a settlement agreement, in effect, adds to the pending action a collateral action seeking specific performance of the agreement. *Langley v. Langley,* 607 S.W.2d 211, 212 (Mo.App.1980); *DeWitt v. Lutes,* 581 S.W.2d 941, 945 (Mo.App.1979); *Wenneker v. Frager,* 448 S.W.2d at 936. The party requesting specific performance has the burden of proving, by clear, convincing and satisfactory evidence, that he is entitled to such relief. *DeWitt v. Lutes,* 581 S.W.2d at 946.

The parties agree with the well recognized rules that an attorney must have express authority from his client in order to bind the client to a settlement agreement and that no implied authority to settle arises from the mere fact of the attorney's employment. *Barton v. Snellson,* 735 S.W.2d 160, 162 (Mo.App.1987); *Leffler v. Bi–State Development Agency,* 612 S.W.2d at 836; *Robinson v. DeWeese,* 379 S.W.2d 831, 836 (Mo.App.1964). In dispute, however, is the sufficiency of the evidence before the trial court to support the implicit finding that the Stileses had expressly authorized Williams to settle their case. Landmark and First National rely on *Leffler v. Bi–State Development Agency, supra,* to support their contention that an attorney's representation that his client has agreed to accept a settlement offer establishes prima facie proof of his authority to enter into a settlement agreement. The Stileses respond that *Southwestern Bell Telephone Co. v. Roussin, supra,* supports their contention that any presumption arising from such a representation disappears in the face of an express denial of such authorization. The issue common to *Leffler, Roussin* and the instant case is the effect of an attorney's representation that his client had agreed to accept a settlement

offer.[1] The distinguishing feature between all three cases is the nature and quality of the evidence submitted for either the purpose of establishing that the representation was made by the attorney or for the purpose of rebutting the resulting presumption.

In *Roussin,* the attorney admitted that he had represented his own authority to settle the case to opposing counsel. However, by affidavit and by sworn testimony in court, the attorney conceded that he did not in fact have such authorization. The court ruled that the attorney's representation of his authority to settle was sufficient to place the burden upon the party resisting the settlement to prove a lack of authority. *Roussin,* 534 S.W.2d at 276. The court then stated:

> It clearly appears that defense counsel had no express authority to settle this case. Neither the fact of his employment nor his own representations are sufficient to establish his authority. *Aetna Casualty & Surety Co. v. Traders National Bank & Trust Co.,* 514 S.W.2d 860, 866 [9, 11] (Mo.App.1974). Since these are the only indicia of authority available, we must conclude that the settlement was unauthorized. Defense counsel's uncontroverted testimony that his clients did not give him authority to settle the case is sufficient to meet defendants' burden of proving lack of authority.

*Southwestern Bell Telephone Co. v. Roussin,* 534 S.W.2d at 277.

The defendant in *Leffler,* seeking by motion to enforce a settlement, introduced into evidence a properly identified letter from the plaintiff's attorney stating, in part, "my client has agreed to accept the settlement of this case in the amount of $2,000." Plaintiff testified that he had not authorized his attorney to accept the offer of $2,000. However, the trial court expressly found this testimony "unworthy of belief." 612 S.W.2d at 838. Adopting the rule set forth in *Roussin,* the court affirmed the granting of the motion to enforce settlement.

> Here, the evidence of defendant's offer of settlement, and of receipt of a letter from plaintiff's attorney stating that plaintiff had agreed to accept the offer, was sufficient to make a prima facie case for defendant. Plaintiff, through his own testimony, introduced evidence which, if believed, would have been sufficient to meet his burden of proving his attorney's lack of express authority. The trial court, however, was free to disbelieve all or any part of this evidence, *Hayes v. Reynolds,* 579 S.W.2d 119, 120 (Mo.App.1979), and expressly stating that it found plaintiff's testimony in this regard "unworthy of belief."

*Leffler v. Bi-State Development Agency,* 612 S.W.2d at 837–38.

In the instant case, the motion to enforce settlement was submitted solely upon contradictory affidavits. The attorneys for the two banks each submitted an affidavit stating Williams declared his clients had approved the settlement. Herbert Stiles' attorney submitted an affidavit stating Williams had given him contrary information. Herbert Stiles, by affidavit, denied agreeing to the settlement and denied authorizing Williams to enter into any agreement. Mary and Insley, by affidavits, not only denied giving any such authorization, but additionally stated they had no communication with Williams.[2] The only evidence from which the court could have concluded

---

1. We are not unmindful of the fact that the rule enunciated in *Roussin* departs from the general agency law principle that the agent's own representation may not establish the express authority of that agent. *See Aetna Casualty & Surety Co. v. Traders National Bank & Trust Co.,* 514 S.W.2d 860, 866 (Mo.App.1974); *M.F.A. Cooperative Association of Mansfield v. Murray,* 365 S.W.2d 279, 283 (Mo.App.1963). This departure was noted in *Leffler,* 612 S.W.2d at 837, fn. 4, and was sharply criticized in *Barton,* 735 S.W.2d at 163–64). We find it unnecessary to our disposition of this case to examine the continuing validity of the *Roussin* rule.

2. Because our disposition of this case is based upon the nature of the evidence, it is unnecessary for us to address the contention of the Stileses' present counsel that the settlement is void due to Williams' and Hyatt Legal Services' attempt to represent parties with conflicting interests.

that the Stileses had authorized Williams to enter into the settlement agreement was contained in the two affidavits of the banks' attorneys. Their allegations of what Williams told them his clients told him amounts to nothing more than hearsay upon hearsay. "[A]n affidavit which relates information gained from other documents relates hearsay, not such facts as would be admissible in evidence, and is not sufficient to support a motion for summary judgment." *Perry v. Kelsey-Hayes Co.,* 728 S.W.2d 278, 280 (Mo.App.1987), (quoting from *Allen v. St. Luke's Hospital of Kansas City,* 532 S.W.2d 505, 508 (Mo.App. 1975)). Although *Perry* is concerned with the unreliability of hearsay in the context of summary judgment affidavits, the reasoning is applicable to the present case. We see no reason why hearsay should be given enhanced stature in affidavits supporting a motion to enforce a settlement since both a motion for summary judgment and a motion to enforce settlement may result in the deprivation of a party's right to trial on the merits.

 The usual rule of deference to the trial court's findings of fact, which is based upon the superior opportunity of the trial judge to assess the credibility of the witnesses, does not apply here because the case at bar was submitted solely upon affidavits. *Southgate Bank and Trust Co. v. May,* 696 S.W.2d 515, 519 (Mo.App.1985); *MFA Mutual Ins. Co. v. Home Mutual Ins. Co.,* 629 S.W.2d 447, 451 (Mo.App. 1981). Moreover, this case does not even involve an evaluation of the credibility of the affiants. Rather than implicitly labelling the affidavit of one or the other respected and reputable members of the bar as false, we conclude the apparent discrepancy between their respective affidavits merely reflects that the missing Williams said different things to different people at different times. The fact that Williams claimed to have authority to settle when talking to the banks' attorneys, but later acknowledged to Wion that he had no such authority, demonstrates the lack of substantiality of the hearsay evidence. "A judgment which rests on less than substantial evidence ... amounts to an error of law subject to redress by the court on appeal." *Gross v. Gross,* 625 S.W.2d 655, 662 (Mo.App.1981).

We find the evidence in this case to be less than substantial and to be insufficient to support the trial court's conclusion that a settlement agreement was expressly authorized and entered into. Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

SNYDER and SIMEONE, Senior Judges, concur.