Tena McDOWELL, Appellant,

v.

Eric J. KEARNS and Anthony E. Maubach, Respondents.

No. WD 40247.

Missouri Court of Appeals, Western District.

Oct. 4, 1988.

Robert B. Reeser, Jr., Sedalia, for appellant.

Erwin L. Milne, Jefferson City, for respondent Kearns.

Robert G. Russell, Sedalia, for respondent Maubach.

**482**

Before CLARK, P.J., and LOWENSTEIN and FENNER, JJ.

LOWENSTEIN, Judge.

McDowell appeals from a court tried action for specific performance of a settlement agreement. She had been a passenger in an automobile driven by Maubach that collided with an automobile driven by Kearns. Employing attorney Colyer she sued for personal injuries. There were settlement discussions as the February 23, 1987 trial date approached. On Friday, February 20, the defendants, through attorney Milne offered the plaintiff McDowell a total of $6,000 to settle. Plaintiff's attorney said, "then the case is settled." Over that weekend the plaintiff dismissed Colyer, hired new counsel and then declined to sign the release. This action by the defendants' insurers followed.

The trial judge did not believe Ms. McDowell's testimony that she did not grant Colyer authority to settle for $6,000, and that he had lied to her. The court chose to believe Colyer's testimony that he advised his client $6,000 would be a good settlement; that McDowell told him to accept the offer; and that he then notified the court that the case had been settled. Counsel for the insurers of Kearns and Maubach testified they had combined for a total offer of $6,000 which had been accept by McDowell's lawyer.

The court found the agreement was clear. McDowell was to be paid $6,000 in complete settlement of the case. McDowell repudiated the settlement and refused to sign the necessary papers. Moreover, she knowingly failed to appear in court on February 23rd. Instead she went to her new attorney's office and gave no "plausible explanation" for such action.

▮ In this case for specific performance the plaintiff-respondents had the burden to prove by clear and convincing evidence the existence of a contract and their performance or tendered performance. *Higgins v. Rachford*, 307 S.W.2d 411, (Mo.1957).

The appellant raises four points on appeal. First, she claims a lack of evidence supporting the finding that $6,000 represented all payments. She contends that there was insufficient evidence to support the finding the purported contract to settle included settlements under Maubach's policy for medical payment coverage. This allegation is without merit.

▮ The next point is, "Colyer never did represent to counsel for defendants that he had express authority to settle for the $6,000." This point is addressed by the following paragraph from *Johnson v. Massey–Ferguson, Inc.*, 679 S.W.2d 375, 376 (Mo.App.1984), citing *Leffler v. Bi–State Development Agency*, 612 S.W.2d 835[2] (Mo.App.1981):

> [W]here a party's attorney of record represents he has authority to settle and reaches an agreement with' opposing counsel, it is then incumbent on the dissent client to prove his attorney lacked authority to settle; this since counsel's act of settling is presumed prima facie to be authorized.

As to the attorney's authority, it was McDowell's burden to prove to the trial court her attorney lacked authority, since this act of her attorney "is presumed prima facie to be authorized." *Southwestern Bell Tel. Co. v. Roussin*, 534 S.W.2d 273, 276 (Mo.App.1976). While the general rule is the agent may not by extrajudicial statements establish the scope of the agency, the law recognizes an agent may testify by sworn statement where the scope of authority rests in parol. *Id.* The testimony of Colyer, the court's disbelieving of McDowell, and the actions of McDowell support the trial court's findings and judgment.

▮ In a related argument the appellant asserts due process and equal protection violations under the federal and state constitutions arises by putting a burden on the client-principal to refute the attorney-agent's authority to settle. She states this is a departure from the case law which does not permit an agent's representation to establish his or her express authority. Although there is no implied authority to settle a client's claim from the mere fact of an attorney's employment, *Barton v. Snellson*, 735 S.W.2d 160, 162 (Mo.App.

1987), our courts have held the conduct of the attorney in negotiating a settlement can imply the authority to settle, causing the burden to be put on the client-principal to rebut a presumption of agency. *Barton, supra,* at 164. The trial court is still free to disbelieve the testimony of the client. *Hayes v. Reynolds,* 579 S.W.2d 119, 120 (Mo.App.1979). The point is not well-taken and is overruled.

The final point concerns the court's ruling inadmissible as being irrelevant proposed evidence as to the insurance policy on one of the defendants containing a $25,000 medical pay provision. McDowell was attempting to show her medical bills were over $23,000, and there was this additional coverage to pay them therefore the settlement should not be limited to $6,000. In view of the nature of this action to enforce the settlement agreement, the evidence and offer of proof of other coverage was not relevant. The point is denied.

The request for damages for frivolous appeal is denied. The judgment is affirmed.

All concur.