Linda UNDERHILL,
Plaintiff–Respondent,

v.

Dennis SONNENSCHEIN,
Defendant–Appellant.

No. 54525.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 1988.

Thomas A. Connelly, St. Louis, for defendant-appellant.

John A. Turcotte, Jr., Clayton, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from a judgment enforcing a settlement between plaintiff and defendant. We affirm.

Plaintiff filed a nine count petition for damages against defendant alleging various acts of fraud and breaches of contract. Plaintiff and defendant by and through their respective counsel negotiated a settlement which was reduced to a writing to be signed by the parties. Defendant's counsel sent the writing to defendant's wife for defendant's signature; he was imprisoned in Kansas. She signed his name and returned the document to counsel. Upon learning the signature was not defendant's, counsel requested the wife to produce evidence of a power of attorney. When she failed to produce such evidence, he mailed a copy of the settlement directly to defendant for signature. Subsequently, plaintiff moved the trial court for an order and judgment to enforce the settlement.

At the evidentiary hearing on the motion, counsel testified defendant had not, as of the time of the hearing, returned the copy of the settlement sent for signature. He testified he had authority from defendant to negotiate the settlement, defendant had orally expressed approval of the settlement terms, and that the writing introduced into evidence accurately memorializes those terms. He also testified he had written defendant, and sent a copy to his wife, advising defendant of the hearing. At the beginning and end of the hearing, defendant's counsel, whose testimony was the only evidence presented at the hearing, made motions to withdraw as counsel and continue the hearing; the court denied the motions. The court entered judgment enforcing the settlement.

Defendant with new counsel moved to set aside the judgment contending plaintiff could not perform or had breached the settlement and that the notice he received of the hearing on the motion to enforce the settlement was inadequate. After hearing the post-judgment motion, the court denied it.

Our standard of review of a trial court's judgment entered on a plaintiff's motion to enforce a settlement after an evidentiary hearing is found in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Centerre Trust Company v. Jackson Saw Mill Company*, 736 S.W.2d 486, 496 (Mo.App. 1987). We must sustain the trial court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy*, 536 S.W. 2d at 32.

On appeal, defendant argues there is no substantial evidence to support the judgment: "The trial court erred in entering the order and judgment on the settlement agreement for the reason that ... the alleged agreement of [defendant] to the settlement proposal was not supported by substantial evidence for the reason that ... [defendant] had refused to personally execute the settlement agreement."

We find substantial evidence in the record to support the judgment. The Missouri law governing the authority of an attorney to settle a client's case is set forth in *Leffler v. Bi-State Development Agency*, 612 S.W.2d 835, 837 (Mo.App.1981):

> Where it is shown that a party's attorney of record "represented that he had such authority [from the client] and ... did reach an agreement with [the other party's] counsel to settle ...", then "it was incumbent upon [the party] to prove to the trial court that [his] attorney lacked authority to settle the case, since his act of settling ... is presumed prima facie to be authorized."

Defendant's attorney negotiated the settlement and testified he was then acting with defendant's authority; no evidence was presented rebutting this testimony. In fact in defendant's motion to set aside, presented to the trial court, he did not challenge counsel's authority to make the settlement.

Defendant also contends on appeal that by failing to set aside the judgment and continue the case until he was released from prison, the trial court deprived him of his opportunity to rebut the presumption of

his attorney's authority to settle. This was not his contention to the trial court; his motion to set aside the judgment, as previously stated, did not challenge his counsel's authority to settle. In light of defendant's motion we cannot find the trial court abused its discretion in failing to continue the case.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.