# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3772

_____

| | | |
|---|---|---|
| Forrest E. Mueller, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Guardian Life Insurance Company, | * | |
| a corporation; Guardian Life Insurance | * | Appeal from the United States |
| Company of America, a corporation; | * | District Court for the |
| Austin Schussler, Regional Director | * | Eastern District of Missouri |
| of Agencies for the Guardian Life | * | |
| Insurance Company, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 17, 1998

Filed: May 1, 1998

_____

Before BOWMAN,[1] Chief Judge, and McMILLIAN and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

_____

[1]The Honorable Pasco M. Bowman succeeded the Honorable Richard S. Arnold as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998.

Plaintiff Forrest E. Mueller appeals from a final order entered in the United States District Court[2] for the Eastern District of Missouri, enforcing settlement terms which the district court held to be legally binding, following an evidentiary hearing on an opposed motion, brought by defendants Guardian Life Insurance Co. of America (Guardian) and Austin Schussler, to enforce a settlement agreement. Mueller v. Guardian Life Ins. Co., No. 4:95CV1569 (E.D. Mo. Sept. 26, 1997) (order); id. (memorandum opinion) (hereinafter "slip op."). For reversal, plaintiff argues, among other things, that the district court clearly erred in finding that plaintiff had given his former attorney, Stanley Goodkin, express authority to accept a written settlement counter-offer submitted by defendants to Goodkin and orally conveyed by Goodkin to plaintiff. For the reasons stated below, we affirm.

The following is a brief summary of the evidence and the facts as set forth in the district court's memorandum opinion. Slip op. at 1-6. Plaintiff is a former insurance agent for Guardian. Schussler is a regional director for Guardian. Plaintiff sued defendants in state court for breach of contract arising out of certain alleged promises made by Schussler to plaintiff during plaintiff's employment with Guardian. The case was removed to federal district court on the basis of diversity jurisdiction, and Guardian filed a counterclaim alleging that plaintiff owed Guardian a large sum of money.

On January 22, 1997, after the case was set for trial and on the eve of several scheduled depositions, Goodkin, who was plaintiff's attorney at the time, wrote to Guardian's attorney, Chris Osborne, and Schussler's attorney, Clark Cole, with a settlement proposal setting forth three basic terms. Osborne responded to Goodkin with a written settlement counter-offer dated January 24, 1997, on behalf of both defendants, which contained modifications to each of the three terms. According to Goodkin's testimony at the evidentiary hearing, he communicated the substance of this

---

[2]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

counter-offer to plaintiff over the telephone, plaintiff stated that the counter-offer was "okay," and Goodkin, in response, told plaintiff that he would call Osborne to accept the proposal and instruct Osborne to prepare the written agreement. Id. at 3. Goodkin thereafter did call Osborne and told Osborne that plaintiff accepted the counter-offer and that Osborne should prepare the settlement agreement. Osborne testified at the evidentiary hearing to essentially the same facts concerning the substance of telephone call from Goodkin to Osborne. The depositions scheduled for January and other pending discovery requests were canceled. Goodkin sent a notice to the clerk of the district court stating that the parties had reached a settlement and that a notice of dismissal would be filed. Id. at 3-4.

Plaintiff also testified at the evidentiary hearing. He did not dispute the fact that he authorized Goodkin to make the initial settlement offer and that the terms of the January 22, 1997, offer made by Goodkin were essentially consistent with plaintiff's position at that time. However, he testified that he never agreed to the January 24, 1997, counter-offer and never authorized Goodkin to settle the case. Id. at 2, 4.

A written settlement agreement was never executed. Plaintiff refused to sign any of the settlement documents drafted by Osborne. Goodkin subsequently withdrew from the case and plaintiff's present attorney, Sidney Gould, entered an appearance on plaintiff's behalf. Id. at 4-5.

Upon consideration of the conflicting testimony presented at the evidentiary hearing, the district court found Goodkin's and Osborne's testimony to be more credible than plaintiff's, particularly in light of the factual circumstances surrounding the settlement discussions and the reasonable inferences to be drawn therefrom. Id. at 5. The district court found that "Goodkin was clothed by plaintiff with authority to settle the case" and that "there was a meeting of the minds" to settle the case according to the terms of the counter-proposal of January 24, 1997, notwithstanding the fact that the parties were unable to consummate the agreement in writing. Id. at 5-6. Applying

the rule of <u>Leffler v. Bi-State Development Agency</u>, 612 S.W.2d 835 (Mo. Ct. App. 1981), and distinguishing the cases cited by plaintiff, the district court held that, under applicable Missouri agency law, Goodkin had express authority from plaintiff to enter into the settlement agreement according to the terms of the counter-offer of January 24, 1997, and that Goodkin did contractually bind plaintiff by accepting that counter-offer. Slip op. at 6-7. The district court therefore entered the final order enforcing the settlement agreement, from which plaintiff now appeals.

We have carefully considered the record and all of plaintiff's arguments on appeal and find them to be without merit. Foremost, plaintiff challenges the district court's finding that he had given Goodkin express authority to settle the case according to the terms of the January 24, 1997, counter-offer. Plaintiff points out that Goodkin admitted on the stand that he, Goodkin, never spelled out for plaintiff the precise differences between plaintiff's offer of January 22, 1997, and defendants' counter-offer of January 24, 1997. Based upon this and other facts shown by the evidence (such as the disparities between the two offers), plaintiff maintains that it is highly unlikely that the events occurred in the manner found by the district court and, therefore, the district court's findings are clearly erroneous. Plaintiff also argues that "Goodkin did not have the moral or intellectual understanding to negotiate for his client" and notes that Goodkin and Osborne were formerly partners in a now-defunct law firm, a fact which was never disclosed to plaintiff. Brief for Appellant at 18-19. Plaintiff contends that "Goodkin did a poor job of representing his client" because he failed to recognize and convey to plaintiff the deficiencies in the January 24, 1997, counter-offer. <u>Id.</u> at 21. These latter arguments addressing the adequacy of Goodkin's legal representation, regardless of their merit, are irrelevant to the district court's findings that plaintiff gave Goodkin express authority to settle the case and that Goodkin did settle on plaintiff's behalf. Upon careful review, we hold that the district court's factual findings are not clearly erroneous in light of the district court's credibility determinations to which we defer, the evidence in the record supporting the district court's findings, and the reasonable inferences drawn by the district court from the evidence.

Finally, we find no merit to plaintiff's separate, but related, argument that Goodkin's actions could not bind plaintiff as a matter of agency law because Goodkin was acting adversely to the interests of his client in accepting the January 24, 1997, counter-offer. Plaintiff cites as support, Restatement (Second) of Agency § 387 (1958): "[u]nless otherwise agreed, an agent is subject to a duty to his [or her] principal to act solely for the benefit of the principal in all matters connected with his [or her] agency." The district court found that Goodkin read the January 24, 1997, counter-offer to plaintiff and that plaintiff expressly authorized Goodkin to accept the counter-offer on his behalf. Thereafter, according to the district court's findings, Goodkin did nothing but take reasonable steps toward execution of the settlement agreement in writing and termination of the litigation in light of the settlement. None of these actions taken by Goodkin, in his capacity as plaintiff's agent, was inconsistent with his duty to act solely for plaintiff's benefit.

For the reasons stated, the final order of the district court is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-