## CIRCUIT COURT OF LOUDOUN COUNTY

Tolga Alper

v.

Najia B. Wiley

September 17, 2010

Case No. (Civil) 40366

BY JUDGE THOMAS D. HORNE

On February 8, 2006, Stephen T. Conrad, an attorney with offices located in Woodbridge, Virginia, filed a personal injury action in this Court on behalf of his client, Mr. Tolga Alper. Named as defendant was Ms. Najia B. Wiley. It is alleged in the complaint that Mr. Alper sustained injuries while a passenger in a car struck by a vehicle negligently driven by Ms. Wiley. The accident occurred on February 24, 2004. Ms. Wiley was insured by the GEICO insurance company. Service of process was not effected on the defendant until August 6, 2008.

Unbeknown to the plaintiff, Mr. Conrad settled the case with GEICO in March of 2006. The attorney, forging the name of the plaintiff to the settlement check in the amount of $18,000.00, converted the proceeds to his own use without informing him of the payment.

On November 29, 2007, Richard S. Mendelson, Esquire, was appointed as the receiver of the practice of Mr. Conrad. The appointment followed a termination of Mr. Conrad's law practice by the Virginia State Bar. It was not until the plaintiff received notice in December of 2007 from Mr. Mendelson of the termination of Mr. Conrad's practice that plaintiff was made aware that his attorney had in fact settled the case with the insurer in the amount of $18,000.00 without his consent or approval.

In an apparent pursuit of his fraudulent conversion of the insurance proceeds, the suit was allowed by Mr. Conrad to remain dormant in the clerk's office until discontinued by Order of the Court entered on July 7, 2008. In accordance with the provisions of Va. Code Ann. § 8.01-335,

substitute counsel for the plaintiff moved for reinstatement of the action. Accordingly, the Court granted reinstatement on September 5, 2008.

Plaintiff now seeks to set aside the settlement reached with Mr. Conrad and have the case proceed on the docket. Defendant opposes the motion. Central to a determination of the motion is the issue as to whether the plaintiff is bound by the actions of his attorney in settling the case without his knowledge or consent. The tragic loss to the plaintiff as a result of the defalcations of his attorney should, defendant asserts, be born by the plaintiff.

It is clear that Mr. Conrad did not have express authority to settle the claim. If the plaintiff is to be bound by the settlement, such a finding must find support upon a theory of apparent authority of the principal for the acts of his agent. With respect to the issue of apparent authority of an attorney to bind his or her client, it has been noted that:

> [A]s between the principal and agent and third persons, the mutual rights and liabilities are governed by the apparent scope of the agent's authority, which is that authority *which the principal has held the agent out as possessing, or which he has permitted the agent to represent that he possesses, and which the principal is estopped to deny*. The apparent authority, so far as third persons are concerned, is the real authority, and when a third person has ascertained the apparent authority with which the principal has clothed the agent, he is under no obligation to inquire into the agent's actual authority.

*Singer Sewing Machine Co. v. Ferrell*, 144 Va. 395, 404 (1926) (authority omitted) (emphasis added).

Long standing precedent in Virginia makes clear that an attorney, simply by reason of his or her employment, does not have the authority to compromise his or her client's claim. *Singer Sewing Machine Co. v. Ferrell*, 144 Va. 395 (1926); *Dawson v. Hotchkiss*, 160 Va. 577 (1933); *Snyder-Falkinham v. Stockburger*, 249 Va. 376 (1995). Generally, the scope of the agent's authority in dealings with third parties is that authority which the principal has held the agent out as possessing or which the principal is estopped to deny. *J. C. Lysle Milling Co. v. S. W. Holt & Co.*, 122 Va. 565, 572 (1918). Evidence of apparent authority of an attorney to bind the client to a settlement agreement must find support in the record. *Walson v. Walson*, 37 Va. App. 208 (2001).

The authority of the attorney to bind his client cannot be proved by his or her declarations, acts, or conduct alone. *Bardach Iron & Steel Co. v. Charleston Port Terminals*, 143 Va. 656, 668 (1925). Thus, central to the issue is an examination of the conduct of the client in juxtaposition to that of the attorney. Absent other evidence, an attorney has no apparent authority

to enter a dismissal, discontinuance, or retraxit, which, "terminates a cause on the merits." However, "an attorney does possess the implied authority to enter or take a dismissal, discontinuance, or nonsuit, which does not bar the bringing of another suit on the same cause of action." *Virginia Concrete Co. v. Board of Supervisors*, 197 Va. 821, 828 (1956).

The testimony of the plaintiff, that was not contradicted or impeached, established that, after retaining the services of Mr. Conrad, he at no time received copies of his attorney's correspondence with the GEICO claims representative. He was never given the opportunity by his attorney to participate in any discussions concerning maintenance of the action or settlement of the claim. The only correspondence received by him was a letter written to him in the spring of 2006 informing him that the case had been settled for $13,000.00. Although leaving numerous voice messages with Mr. Conrad, he never received a reply. He was never made aware of any of the details of the settlement negotiations with the GEICO representative. Thus, there is no evidence that the plaintiff had knowledge of, participated in, assisted with, or condoned the settlement negotiations conducted by his attorney.

Those dealing with Mr. Conrad would have no reason to draw any conclusions as to whether the settlement negotiations were made with the approval of his client. Something more is required to bind the client to the actions of his or her attorney than mere engagement to perform services, and a course of conduct by the attorney in pursuit of the underlying claim.

To the extent it may be argued that this Court might follow foreign precedent and consider the singular actions of the attorney sufficient to trigger a rebuttable presumption of authority to act on behalf of the client, such a burden shifting device is rejected as contrary to controlling precedent of the Supreme Court of Virginia. See, *Leffler v. Bi-State Development Agency*, 612 S.W.2d 835 (Mo. App. 1981). Moreover, even if such a presumption were to be found applicable, the testimony of Mr. Alper clearly and unequivocally establishes that Mr. Conrad had no such authority.

The Court is cognizant of the opinions of other judges within the Commonwealth involving the actions of Mr. Conrad in settling cases without the consent of his clients. Those highly respected jurists, in some cases, may have reached differing opinions than that expressed in this case. However, it must be noted that in cases of apparent authority of the attorney to settle the case of his or her client, the discrete facts peculiar to those claims would control the outcomes. This Court has confined its consideration to the record in this case and draws no comparison to the findings in such other cases.

Accordingly, the Court will grant the motion to set aside the settlement agreement and continue the case for trial.